MILO H. HOLCOMB v. OBED MOSHER AND FRED F. TAYLOR.

*Equity—Parties—Expiration of rights pending suit—Right to remove tim-*
*ber—Parol evidence of deed—Bona fide purchaser.*

A bill in equity claiming rights in land is not defective on its face for want of parties if it traces the legal title to the land into the hands of defendants and charges it, in their hands, with complainant's equities: it need not inquire into equities between defendants and strangers, though if it should afterwards appear that defendants hold in trust for strangers, the rights of the latter might not be concluded by the decree.

A bill in equity is not fatally defective for want of parties in merely failing to exclude the contingency that some person, having an unknown interest which would not be affected by the suit, is not impleaded as defendant.

An objection to a bill in equity for want of parties is not entitled to favor if not made until the hearing; and if well taken then, permission should be granted to amend.

A complainant seeking in equity to establish his right to remove timber from lands cannot forfeit such right by abstaining from its exercise while defendants are litigating it.

Dismissal of a bill in equity does not necessarily follow the expiration pending suit of a right alleged therein, if it also seeks to enforce some other right which has not expired.

A certificate of purchase of primary school lands passed through several hands by assignment and then an assignee quit-claimed the land and delivered the certificate to the grantee. The grantee also quit-claimed but reserved a right to remove the timber; and after the death of his grantee delivered the certificate to a person acting for the latter's heirs, and this person obtained a patent from the State, on the strength of it, in his own name, and sold a part of the land to another. The grantor who had reserved a right to the timber filed a bill against the patentee, and sought to prove his conveyance to defendant by parol evidence. Defendant admitted the conveyance in his answer, but did not admit the reservation. He claimed to have taken the patent in the interest of the heirs. The deed had not been recorded, and the family of the grantee lived in another state. *Held* that under the circumstances the defendant should be deemed the proper custodian of the deed, which was only for an equitable title that was represented by a certificate which he himself had used

in obtaining the patent; and that if the deed could not be found in his hands complainant might make parol proof.

The State protects itself from waste by stipulations in its land-certificates, and the wrongful holder of a patent cannot defend against a bill in equity to establish rights in the lands on the ground that complainant's act in quit-claiming the land to another with a reservation of the right of removing the timber, was a fraud against the State

A bill in equity to establish rights in land should be dismissed as to a bona fide purchaser of a portion of it who had no notice of complainant's equities; but if his grantor is charged with notice the amount remaining in his hands may properly be charged with the whole amount of complainant's lien.

Appeal from Montcalm. (V. H. Smith, J.) Jan. 18.— Feb. 27.

BILL to establish a right to timber upon lands held by defendants. Complainant appeals from dismissal. Reversed.

*Henry E. Thompson* and *J. W. Champlin* for complainant.

*John C. FitzGerald* for defendant. All persons materially interested in a suit in equity must be made parties: 1 Story Eq. Pl. § 72; *Whitney v. Mayo* 15 Ill. 254; *Westcott v. Minn. Mining Co.* 23 Mich. 152; *Titus v. Minn. Mining Co.* 8 Mich. 183; *Poore v. Clark* 2 Atk. 514; *Pawlet v. Bishop of Lincoln* id. 296; Mitford's Pl. 256; *Browne v. Blount* 2 Russ. and Myl. 83; objection for lack of proper parties may be raised at the hearing: 1 Barb. Ch. 321; *Darwent v. Walton* 2 Atk. 510; complainant must prevail, if at all, on the case made by his bill, and not on a case made by the answer: *Ford v. Loomis* 33 Mich. 122; a bill to establish a right to remove timber under a reservation in a deed extending for a fixed time, will be dismissed if the time expires pending suit: *Webster v. Hitchcock* 11 Mich. 58; see *Terry v. McClintock* 41 Mich. 497; *Perkins v. Perkins* 16 Mich. 167; as the right to remove the timber is lost: *Richards v. Tozer* 27 Mich. 451; *Johnson v. Moore* 28 Mich. 3; *Haskell v. Ayres* 32 Mich. 93; *Monroe v. Bowen* 26 Mich. 532; *Pease v. Gibson* 6 Greenl. 65; if complainant has parted with his right to another, the

real party must be impleaded as complainant : *Wallace v. Dunning* Walk. Ch. 416 ; *Brewer v. Dodge* 28 Mich. 360 ; Mitf. Pl. 169, § 5, 154–164, 195, § 8 ; *Chase v. Searles* 45 N. H. 522 ; *Mills v. Hoag* 7 Paige 21 ; *Mason v. Y. & C. R. R.* 52 Me. 107 ; *Van Hook v. Throckmorton* 8 Paige 33 ; *Williams v. Kinder* 4 Ves. 387 ; *Porter v. Cox* 5 Madd. 55 ; *Wheeler v. Malins* 4 Madd. *171 ; *Randall v. Mumford* 18 Ves. *427 ; 2 Dan. Ch. 1519 ; Story Eq. Pl. § 349, 350.

COOLEY, J. The case made by complainant in his bill is as follows :

In the year 1867 Charles W. Rogers purchased of the State a certain eighty acre lot of pine lands, being primary-school lands, paying one-fourth of the purchase price, and receiving from the State the customary certificate of purchase. In the same year Rogers sold his interest and assigned his certificate to Niles Baldridge, and Baldridge in turn sold and assigned the certificate to George W. Tortlett. Tortlett in 1869 sold to Abram C. Boyd, but instead of merely assigning the certificate, he executed a quitclaim deed of the land to Boyd, and at the same time delivered to him the certificate. In April, 1871, Boyd in like manner sold and conveyed to complainant, and delivered to him the certificate.

November 7, 1873, complainant for the agreed price of six hundred dollars to be paid to him by Jacob Wright, gave to Wright a deed of conveyance of the lands, excepting and expressly reserving to himself all of the pine timber thereon. Wright paid to the complainant at the time one hundred dollars and gave a mortgage on the land and certificate for the remaining five hundred dollars. The land without the timber was at that time worth $840, and the timber $3000. Complainant, when he deeded to Wright, handed over all the title papers except the certificate.

When this trade with Wright was made, the defendant Mosher, who was brother-in-law to Wright, was present. Wright died the next year and his family removed to the state of New York. On or about December 7, 1874, com-

plainant spoke to Mosher about the payment of an instalment then due on the mortgage, but Mosher said the heirs or representatives of Wright desired a better title to the land before making any further payment. A few days later Mosher represented to complainant that the legal heirs and representatives of Wright would pay the balance of the purchase price if complainant would send them the State certificate; and relying upon that representation complainant delivered the certificate to Mosher to be sent to the Wright family. Instead of sending it to that family, Mosher took the certificate to Lansing and obtained from the State a patent for the lands in his own name, and later in the same month conveyed an undivided half of the land to defendant Taylor. Taylor knew all the facts, and was not a bona fide purchaser, but Mosher and Taylor now claim to own the land in fee.

When complainant deeded to Wright it was expressly agreed between them that complainant should have five years within which to remove the timber.

And the prayer of the bill is that defendants be decreed to convey to complainant all the pine timber on the lands, with the right of removing the same at any time within five years from the date of the deed to Wright, and also that they be decreed to hold the land subject to the lien of complainant's mortgage. The bill was filed in April, 1875.

The defendants answered, denying the equity of the bill and setting forth facts which it is not important to recapitulate here, except to state that Mosher in his answer claims to have bought out the heirs of Wright before obtaining the State patent. Taylor says nothing on that subject.

The case was heard on pleadings and proofs, and the bill dismissed. In support of the decree it is contended that the bill is fatally defective for want of parties. We do not concur in this view. The bill traces the legal title to the land into the defendants Mosher and Taylor, and charges it with complainant's equities in their hands. It is inferable from the facts stated that taking the legal title in his own name was a fraud by Mosher on the Wright heirs and left

the equitable title in them, but this is not a necessary conclusion.   It was not important to complainant's case that he should inquire into the equities between the Wright estate and these defendants : it was enough for him that he should assert his equities against the parties owning the legal estate and presumptively, of course, owning the equitable estate also.   It is true that if it should turn out hereafter that these defendants hold the title for the Wright heirs, a decree in this case might not conclude the heirs ; but it is possible in most cases that there may be some person not a party who may have an unknown interest which will not be affected by the suit ; and the complainant must take the risk of such a possibility.   The case is not fatally defective because it fails to exclude such a contingency.   In this case the objection is entitled to no favor, because it was not made until the hearing, and if well taken then, there should have been permission to amend.   But we think it not well taken.

It is also said that the bill should be dismissed because the right to remove the timber according to the understanding alleged by the complainant expired while the suit has been pending.   But to establish his right to the timber is not the sole object of the bill.   Besides, the bill avers an absolute reservation of the timber with collateral agreement to remove it within a specified time ; and we are not prepared to say that the case is within *Richards v. Tozer* 27 Mich. 451, and the cases which follow it.   Conceding it to be so, it must still be held that complainant could forfeit nothing by failing to exercise his right while defendants were contesting and litigating it.

The objection that the proofs do not support the bill because they show, if they show any reservation of the timber, that it was absolute, while the bill avers only a right to remove the timber within five years, is based upon a misconception of the allegations of the bill.   The bill, as respects the reservation, is in strict accord with the proofs ; and the collateral agreement to remove the timber within

five years is no necessary part of complainant's case. It is in fact more important to defendant than to complainant.

The most important question that rises upon the record is whether complainant has given legal evidence of his conveyance to Wright. The deed itself was not produced and complainant relies upon parol evidence.

Mosher in his answer admits the conveyance to Wright and claims to have taken the patent from the State in trust for the Wright heirs. But he does not admit the reservation of the pine timber. He was called upon to produce the deed to Wright, and denied having possession of it. It was never recorded and the Wright family were not in the State. We are of opinion that Mosher should be deemed the proper custodian of the Wright deed under the circumstances. It was a deed of an equitable title only, and the title itself was represented by the certificate which Mosher subsequently obtained from complainant, in the interest, as he says, of Wright's heirs, whom he afterwards bought out. After this, one would naturally expect to find all the papers in Mosher's hands; especially when Wright's family had moved out of the State. Failing to find the deed there, we think, entitled the complainant to put in parol proofs.

The parol proofs of the contents of the deed to Wright were direct and positive, and they were supplemented by putting in evidence the mortgage given at the same time. There is no defect in this case at this point, and defendant Mosher is charged with full notice of all complainant's equities. The suggestion that the arrangement between complainant and Wright was a fraud upon the State, as it contemplated stripping the land of the timber before it was paid for, has no force. The State protects itself, so far as it is deemed necessary, by the stipulations in its certificates.

But the case entirely fails on the proofs as to the defendant Taylor. It is not shown that he purchased with notice of complainant's equities, or of any defects in Mosher's rights. As to him, therefore, the bill was properly dismissed, and the dismissal must be affirmed with costs. As to Mosher the decree should be reversed, and a new decree

entered declaratory of the rights of complainant as asserted in his bill. As Mosher knew of complainant's equities when he deeded to Taylor, the undivided half which he still retains should stand charged with the whole amount of the mortgage.

GRAVES, C. J. and MARSTON, J. concurred.