### BROCKETT v. LEWIS.

1 ASSIGNMENTS FOR BENEFIT OF CREDITORS—TRUST—BILL TO ENFORCE.

A bill by a creditor of a partnership association against its assignee for benefit of creditors, and his assignees, praying an answer as to their management of the association's property, and an accounting, is not a creditor's bill, but a bill by a cestui que trust to compel a proper application of the trust property, and may be maintained by the complainant creditor though he is not a judgment creditor.

2. SAME—EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.

The claim that there is an adequate remedy at law in such a case is untenable, as a court of law has no jurisdiction to compel the execution of a trust.

3. SAME—BILL—ALLEGATIONS—DEBTOR'S INSOLVENCY.

That the bill does not allege the debtor's insolvency is immaterial, since the right to create trusts, and to enforce them, is not limited to cases where the assignor is insolvent, and any one may make a valid trust, and any cestui que trust may ask the enforcement of such a trust.

4. SAME—PARTIES—DEBTOR.

It being the apparent purpose of the bill to bind the debtor as to the amount of its indebtedness to the complainant to be paid out of the trust fund, the debtor is a proper, and perhaps a necessary, party to the suit.

Appeal from Calhoun; Hopkins, J. Submitted April 20, 1906. (Docket No. 109.) Decided July 3, 1906.

Bill by Lucius B. Brockett, Frank M. Brockett, and Benjamin D. Brockett, copartners as L. B. Brockett & Sons, the Chas. A. Strelinger Company, and Joseph T. Ryerson & Son against Harry P. Lewis, individually and as trustee, Morgan M. Lewis, and Syra E. Lewis, to enforce a trust and for an accounting. From an order sustaining demurrers to the bill, complainants appeal. Reversed.

*Stewart & Sabin,* for complainants.

*Bernard J. Onen,* for defendants.

HOOKER, J. The complainant's bill alleges:

1. That they are creditors of the Michigan Consolidated Boat Company, Limited, a partnership association, organized and doing business at Battle Creek, under the laws of this State.

2. In 1903 the stockholders or board of managers of the aforesaid company assigned all of its property, and turned over its books of account, to Harry P. Lewis, upon his agreement to conduct its business and from the profits pay its obligations to the complainants and other creditors of the company, and after such payment return to the company the property assigned.

3. That at the time this assignment was made the company was indebted to complainants in several sums, therein stated, and that no portion of the same has been paid.

4. That in carrying out the agreement Lewis called a meeting of the creditors and stockholders on December 4, 1903.

5. That complainants attended said meeting, when the situation was stated by Lewis, who told complainants that he was to conduct the business of making boats, and, after the expense of manufacturing should be taken therefrom, the money received from the sale of boats would be used by him in paying the debts aforesaid, and that he was to act as trustee for the benefit of the creditors, as well as the stockholders.

6. That said Lewis has since refused to pay complainants anything, or to account or make a statement of the affairs of the company.

7. That complainants have no knowledge, nor have they any means of ascertaining, what business has been done, or money received or paid by the trustee, but believe that he has received some profits, to a share of which they are entitled.

8. That Harry P. Lewis is a member of the firm of M. M. Lewis & Sons, a copartnership comprising the defendants; that they have taken over the business of the Michigan Consolidated Boat Company, and are conducting it as their own, and not for Harry P. Lewis as trustee.

The bill prays:

(*a*) An answer as to the conduct of said business by the defendants; (*b*) an accounting; (*c*) a decree that defendants account to said creditors; (*d*) production of the books of M. M. Lewis & Sons and Harry P. Lewis, etc.; (*e*) a decree for payment of such amounts as shall be found due them; (*f*) general relief.

Demurrers were filed and sustained, and the bill dismissed, with costs. The complainants have appealed.

In sustaining the demurrer and unconditionally dismissing the bill, the learned circuit judge rested his decision upon the rule that a creditors' bill lies only in favor of a judgment creditor. This bill is not a creditors' bill. It is filed by cestui que trust against a trustee and his privies to compel a proper application of trust property, which, according to the allegations of the bill (admitted by the demurrer), has been placed in the hands of the trustee, for the creditor's benefit. Perry on Trusts, §§ 15, 346, 593, 594, 595. In such cases equity has jurisdiction to enforce the execution of the trust. Id. The case of *Miller* v. *Davidson*, 3 Gilman (Ill.), 518, is in point, as is that of *Russell* v. *Clark's Ex'rs*, 7 Cranch (U. S.), 87. The cases of *Jenks* v. *Horton*, 114 Mich. 50, and *McKee* v. *Garbage Co.*, 140 Mich. 497, are not in point. Those are cases where it was sought to subject equitable interests of a debtor to the payment of complainant's claim by *setting aside conveyances*. Here the conveyance is not attacked, but is relied on as creating an interest in the property conveyed, and the court is asked to compel its application to the purposes for which it was conveyed. The same distinction may be discerned in the New York case of *Adee* v. *Bigler*, 81 N. Y. 349, a case which counsel for the appellee says " seems to be on all fours with the case at bar."

In the brief, counsel for the appellees says that the decree should be affirmed for three reasons, viz.:

" 1. That the complainants have a plain, complete, and adequate remedy at law.

" 2. That complainants are not entitled to the enforcement of the trust agreement, because of their failure to make the alleged debtor a party to the suit.

" 3. That the complainants are not judgment creditors."

We have disposed of the last, and with it the first must fall, for the reason that it is equally manifest that a court of law has not jurisdiction to compel the execution of this alleged trust. In this connection we may deal with the suggestion that the bill fails to allege the insolvency of the boat company. The right to create trusts, or to enforce them, is not limited to cases where the assignor is insolvent. Any one may make a valid trust, and any cestui que trust may ask the enforcement of such a trust.

Should the bill have made the boat company a party? Counsel asserts that the demurrer does not admit that the complainants are creditors of the boat company, though he has not stated why the allegations to that effect should not be taken as true so far as the defendants are concerned. We think, however, that the boat company was a proper, perhaps a necessary, party, and that it is advisable that it be joined as a party defendant. It is plain that the defendants are interested in having the boat company bound by any adjudication upon the claims to be paid from the trust fund. They have raised the question, and we are of the opinion that the bill should be amended and the boat company brought in as a defendant. Had the court disposed of the demurrer upon this ground, it is probable that the bill would not have been dismissed, but an amendment would have been required. *Palmer* v. *Rich*, 12 Mich. 414; *Turner* v. *Hart*, 71 Mich. 128; *Reed* v. *Wessel*, 7 Mich. 139; *Holcomb* v. *Mosher*, 50 Mich. 252. It was dismissed for the reason that the complainants were not alleged to be judgment creditors. In this the court erred.

The decree is reversed, and the demurrer is overruled, with the costs of this court; the complainant being required to amend the bill by making the boat company a party, and bringing it in by proper process, in such manner and within such time as the circuit court in chancery

shall by its order direct, under the rules and practice of the court.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.