Civil action tried upon these issues:
1. Is defendant indebted to plaintiff by reason of loss of goods or failure to deliver said goods, as alleged by plaintiff? If so, in (455) what amount? A. Yes, $138.04, with interest from date claim was filed, 7 January, 1914.
2. Had 90 days expired from the filing of the claim in this cause to the beginning of this action? A. Yes.
From the judgment rendered defendant appealed.
This action is brought to recover for the destruction by fire of a case of ginghams shipped to the plaintiffs. The testimony tends to prove that the goods arrived at the defendant's warehouse at North Wilkesboro on 20 December, 1913, and were destroyed by the burning of said warehouse 3 January, 1914. There was evidence tending to prove that the defendant failed to give written notice, as required by the regulations of the Corporation Commission, of the arrival of the goods, and, consequently, the same remained in its warehouse.
His Honor charged the jury that if the defendant failed to give the written notice of the arrival of the goods and failed to deliver them to the plaintiff for the reason that the waybill had not arrived, and while waiting for the waybill and holding the goods the company's station caught fire and the goods were destroyed, they should answer the first issue "Yes," and add the sum of $138.04, the value of the goods. This charge was duly excepted to.
We are of opinion that under the evidence in this case the charge was erroneous. It put upon the defendant the burden of an insurer, and not that of a warehouseman. A common carrier is an insurer up to a certain period, when its duties as a carrier end and its liability as a warehouseman begins. In order to hold the defendant liable as a warehouseman, plaintiff must show by preponderance of evidence that the defendant was guilty of some negligence, which was the proximate cause of the destruction of the goods.
The evidence tends to prove that Rufus Cundiff is the regular drayman of the plaintiff and has authority to get goods from the depot without any written order of the plaintiff, and that such has been his custom. The evidence tends to prove that verbal notice of the arrival of these goods was given to Cundiff, as well as to plaintiff's son; that the plaintiff's son, Lee Hemphill, told the defendant's agent that they had not received the bill of lading for the goods yet, and that they were not needing the goods, and, therefore, had not sent for them. The *Page 527 
evidence tends to prove the bill of lading was mailed 29 November and was received a few days thereafter by the plaintiff.
While the regulations of the Corporation Commission require common carriers to give written notice of the arrival of goods, yet such notice may be waived. In this case the evidence tends to prove (456) that written notice was waived by the plaintiff and manifested by the usual course of dealing between them. Defendant's agent notified plaintiff's drayman, and goods were delivered to him without any written order. In this case plaintiff's son, who seems to be a general factotum for the plaintiff, had notice of the arrival of the goods, as well as the drayman, who had authority to receive them.
We are of opinion that the same principle applies here as has been applied in Kime v. R. R., 153 N.C. 400; 156 N.C. 453, and in Jones v.R. R., 148 N.C. 586.
In those cases there were stipulations in bills of lading requiring the notice of a claim for damages to be given in writing to the common carrier before the live stock is removed or intermingled with other live stock. We have held that that is a reasonable stipulation and will be upheld by the courts, but that, where the carrier has actual notice at the time of the injury to the stock and the extent of it, written notice will add nothing to its information, and the reason for the rule having ceased, it would not be enforced. Cessante ratione legis, cessat et ipsa lex.
Upon all the evidence in this case, his Honor should have given the defendant's prayer for instructions that, in the absence of evidence of negligence, the plaintiff would not be entitled to recover.
New trial.
Cited: Lawshe v. R. R., 191 N.C. 476 (2f).