[Civ. No. 4193.    First Appellate District, Division One.—February 7, 1923.]

## M. D. CHUCOVICH, Respondent, v. SAN FRANCISCO SECURITIES CORPORATION et al., Appellants.

[1] SALE—POSSESSION OF AUTOMOBILE—POWER OF DISPOSITION—ESTOPPEL.—Where a conditional sale contract of an automobile truck was assigned by the seller to a securities corporation engaged in the business of loaning money to automobile dealers upon such contracts, and on the buyer's default in payment, the seller, acting under instructions from the corporation, repossessed itself of the truck and made arrangements for its resale, and later sold it to an innocent purchaser, such purchaser obtained a valid title, which the corporation was estopped to deny, notwithstanding the seller appropriated the proceeds to his own use.

[2] ID.—FAILURE TO OBTAIN REGISTRATION CERTIFICATE—MOTOR VEHICLE LAW—ESTOPPEL.—Under such circumstances, the securities company is also estopped from evoking the provisions of section 8 of the Motor Vehicle Act against the purchaser relating to the transfer and registration of ownership of a registered motor vehicle.

[3] ID.—DETENTION OF TRUCK—MEASURE OF DAMAGES.—The proper measure of damages for the wrongful detention of the truck was its rental value during the period the owner was wrongfully deprived of its use.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. P. Aten and M. K. Harris for Appellants.

Everts, Ewing & Wild and T. M. Stuart for Respondent.

TYLER, P. J.—This is an action in claim and delivery. Plaintiff had judgment and defendant, San Francisco Securities Corporation, appeals.

The appellant (hereafter referred to as the Securities Company) was engaged in the business of loaning money to automobile dealers upon conditional sales contracts, the payment of which was guaranteed by the dealers. On the twenty-first day of January, 1920, the Knox-Mundorff Company (hereafter referred to as the Knox Company) was a retail dealer in automobiles in Fresno, and at that time was the owner and in possession of a certain Fageol truck. On the last-mentioned date it entered into a contract of conditional sale of this truck with one Willard Brooks for the sum of $3,600, $1,200 of which was paid by Brooks at the time the contract was entered into, and he agreed to pay the balance in installments at different times thereafter. Among other things, the contract provided that should Brooks make default in any payment or violate other provisions of the contract, the Knox Company might at its option, without previous notice or demand, retake possession of the property, and that the contract should be at an end and all rights of the purchaser terminate.

The day after this transaction was had this company assigned all its benefits in the contract to the defendant Securities Company, and guaranteed the amount due thereunder, which was the sum of $2,400. Several days later Brooks took delivery of the truck. On March 11, 1920, the Securities Company wrote to the Knox Company that Brooks was delinquent in his February payment, and that another installment would be due March 15, 1920. The company advised Knox that if payment was not received promptly on this last-named date it would take the necessary steps to repossess the truck and turn the same back to the Knox Company under its arrangement and have it close the account. No further payments having been made by Brooks the Knox Company, acting under instructions from the Securities Company, repossessed itself of the truck and made arrangements for its resale. At no time during these transactions did the Securities Company ever have or receive actual or physical possession of the automobile.

In October, 1920, Knox succeeded to all interest in the Knox-Mundorff Company and thereafter conducted the busi-

ness in his own name. From the time this company repossessed itself of the ' truck up to April 11, 1921, it remained in the undisputed possession of the Knox Company at its place of business for the purpose of resale, with the full knowledge and consent, and under the express instructions of the Securities Company. On the last-mentioned date Knox made a conditional sale of the. truck to respondent Chucovich, who immediately took possession of the same. The purchase price was $2,567.50. Of this sum $1,567.50 was paid in cash, and the balance, amounting to the sum of $1,000, was to be paid in installments, for which promissory notes were given| The contract with respondent, together with the notes executed by him, were sold and assigned to the General Motor Acceptance Company. Thereafter plaintiff took up and paid the notes in full. Knox appropriated to his own use the $1,567.50 in cash paid by respondent, and also the proceeds of the notes, which he had sold to the Motor Acceptance Company. There is also evidence to indicate that in other transactions with the Securities Company the Knox Company had been delinquent, but it is unnecessary to discuss this feature of the case.

At the date of the resale of the truck respondent Chucovich was not known to appellant Securities Company, nor did that company learn of the sale until after it was consummated and respondent had the truck in his possession. On ascertaining the facts the Securities Company took possession of the property without the consent of respondent, and this action was brought by him to recover the same and damages for its detention.

It appeared in evidence that respondent had no knowledge whatever of any claims of any persons to the property in question, and that he purchased the same in good faith from Knox, in whose possession it was under instructions from the Securities Company to sell the same.

Upon these facts the court rendered judgment in favor of plaintiff together with damages in the sum of $1,080.10 for unlawful detention.

[1] As grounds for reversal it is first claimed that as the evidence shows that the title to the truck at the time of the sale to respondent was in either the Knox Company or the Securities Company, and that as neither of these companies had conveyed title to Knox, he could convey none to

respondent. We see no merit in this contention. Aside from the fact that the evidence strongly indicates that the Knox-Mundorff Company was owned and operated by Knox individually it affirmatively appears therefrom that express authority was given to Knox personally to make a resale of the truck after it had been repossessed from Brooks, the first purchaser. Then, again, the resale was not made until after the time when it is admitted that Knox was the sole owner of the Knox-Mundorff Company.

But whether authority was given to Knox personally or to the firm which he represented is to our minds of no consequence. The record does not disclose, so far as we have been able to ascertain, whether the Knox-Mundorff Company was a partnership or corporation; but, however that may be, as a member of that concern Knox had authority to make sales and to convey title. The Securities Company, having given it possession of the property for sale, was bound by its acts. It is a familiar maxim of jurisprudence that where one of two innocent persons must suffer by the act of a third he, by whose negligence it happened, must be the sufferer. (Sec. 3543, Civ. Code.) Appellant Securities Company had not only clothed Knox but also his company with control and possession and with express power of disposition of the property; and under such circumstances appellant is estopped to deny the authority of Knox or his company as against an innocent purchaser. (*Shirey* v. *All Day and All Night Bank,* 166 Cal. 50 [134 Pac. 1001]; *Fowles* v. *First Nat. Bank of Cal.,* 167 Cal. 653 [140 Pac. 271].)

We conclude, therefore, upon this question that Knox had complete authority to and that he did convey a valid title in the property to the respondent.

[2] The further point is urged that even conceding this to be true the sale to respondent was void and had no effect whatsoever to convey title to him, since the evidence fails to show that any registration certificate was assigned and delivered to respondent at the time he bought the truck from Knox. This contention is based upon the claim that the sale was not made in conformity wth section 8 of the Motor Vehicle Act (Stats. 1919, p. 191), relating to the transfer and registration of ownership of any registered motor vehicle. The defendant is in no position to raise such ques-

tion, for by his own act he placed the automobile in the respondent's possession; and he is therefore estopped from evoking the provisions of the statute referred to. (*Boles v. Stiles*, 188 Cal. 304 [204 Pac. 848].)

[3] And, finally, the appellant complains that the evidence does not support the finding of the court that the respondent had been damaged in the amount awarded for the wrongful detention of the truck. The proper measure of damages was its rental value during the period the respondent was wrongfully deprived of its use. No useful purpose would be subserved by a review of the evidence upon this subject. The award made was less in amount than the evidence shows respondent to have been entitled to.

For the reasons given the judgment is affirmed.

Richards, J., concurred.