[Civ. No. 4459.   First Appellate District, Division One.—December 1, 1924.]

ANGLO–CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. PACIFIC ACCEPTANCE CORPORATION (a Corporation), Appellant.

[1] AGENCY—AUTHORITY TO SELL—INNOCENT PURCHASER—ESTOPPEL.— The general rule that one cannot be divested of his property without his consent or by due process of law and the maxim that no one can transfer a better title than he himself has finds an exception in the doctrine that, where a principal entrusts property to an agent with express authority to sell, and the agent does sell, the principal can neither legally nor equitably complain or have a cause of action against the innocent purchaser.

[2] ID.—OSTENSIBLE AGENCY—ESTOPPEL.—Where the true owner holds out another or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third persons are thus led into dealing with him, their rights in such a case do not depend upon the actual title or authority of the party with whom they deal directly but rather are derived from the act of the true owner, which precludes him from disputing as against them the existence of the title or the power which through negligence or mistaken confidence he caused or allowed to appear to be vested in the party making the transfer.

1.  See 21 R. C. L. 854; 1 Cal. Jur. 737.
2.  See 1 Cal. Jur. 741.

[3] Id.— Breach of Trust by Agent — Innocent Strangers Protected.—Nor is such principle that the innocent third person will be protected affected or in anywise altered because of the fact that the agent has been unfaithful to his trust and embezzles or fails to account for the proceeds to his principal; but in such a case the consequences of a betrayal of trust should fall upon him who reposes it rather than upon innocent strangers.

[4] Id.—Consideration—Cancellation of Pre-existing Debt.—The cancellation of a pre-existing indebtedness constitutes a valuable consideration.

[5] Id.—Resale of Automobile — Purchase of Conditional Sales Contract—Title.—Where an automobile is sold under a conditional sales contract which reserves title in the vendor, but which authorizes the vendee to make a resale of the automobile, and the automobile is resold under a conditional sales contract which makes no mention of the preceding conditional sales contract and does not contain any of the terms thereof limiting the powers or defining the duties of the original vendee in the event of a resale, an innocent purchaser for value of such second conditional sales contract gets good title as against the original vendor, or his assignee.

(1) 21 C. J., p. 1172, n. 77.   (2) 39 Cyc., p. 374, n. 97.   (3) 2 C. J., p. 594, n. 2; 35 Cyc., p. 363, n. 57.   (4) 13 C. J., p. 363, n. 42. (5) 5 C. J., p. 966, n. 35; 35 Cyc., p. 681, n. 8.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

Brownstone & Goodman for Appellant.

F. A. Denicke and H. S. Young for Respondent.

TYLER, P. J.—This is an appeal by defendant corporation from a judgment in the sum of $856.69. The action arose out of the sale of a certain automobile upon a conditional sales contract, and it involves the rights of the parties to the proceeds thereof.

The facts are substantially as follows: On the twenty-fifth day of August, 1919, the Haynes Motor Sales Company

4.   See 6 R. C. L. 658; 6 Cal. Jur. 172.
5.   See 22 Cal. Jur. 1118.

and Philip S. Cole Incorporated, automobile dealers in San Francisco, made and entered into a contract for the conditional sale of an "Oldsmobile" automobile with one A. A. Leppel, an automobile dealer of Oakland, for the purchase price of $1,050. The contract embodied the ordinary conditional sales agreement which reserved title in the seller until completion of the payments therein provided to be made. Authority was given to Leppel to sell the automobile, the second paragraph of the contract providing as follows: "Said purchaser hereby acknowledges receipt from said seller of said automobile in good condition, and agrees not to permit the same to be attached nor to create or permit to be created any lien, encumbrance or adverse claim of any character against the same for storage, repairs or otherwise, nor to permit the same to be removed from his possession; provided, however, that it is understood that said purchaser may sell said automobile for and on account of and as the representative of said seller for a sum not less than the amount necessary to pay all indebtedness for principal and interest due and to become due by said purchaser to said seller and upon such terms as said seller may determine. Upon any such sale being so made by said purchaser all cash received pursuant thereto and all contracts of sale, lease, notes or other documents representing or securing the balance of the purchase price shall be immediately delivered, transferred and assigned to said seller, who shall thereafter collect all payments on account of said automobile to be made thereafter until the entire indebtedness, including principal and interest hereunder, is paid."

After the execution of the contract Leppel took possession of the automobile, and about a week later transferred it to one H. F. Nyberg for the sum of $1,255.03. Nyberg paid Leppel $428.34 in cash, leaving a balance of $856.69, the amount sued for herein. This transaction was also made under a conditional sales agreement executed between Leppel and Nyberg by the terms of which the car was delivered to the purchaser Nyberg, Leppel retaining title in himself until the balance due was paid in installments as provided for. The contract contained no reference of any kind to the provisions of the agreement under which Leppel obtained possession of the car. Prior to the sale by Leppel of the machine in question Leppel had been entrusted by one W. A.

Levin, a director of the defendant corporation, with a "Jordan" automobile for sale. Leppel sold the same for the sum of $1,500 and received the price, but failed to turn over the proceeds to Levin. He was being importuned for these proceeds and was being threatened with arrest if he failed to comply with such demands. Thereupon Leppel offered to assign and transfer to Levin the Nyberg contract as part liquidation of his indebtedness. Levin accepted the offer and received an assignment of said contract, which he in turn assigned to defendant Pacific Acceptance Corporation, which company paid him the full balance due thereon, amounting to the sum of $856.69, and it collected from Nyberg this full amount under the contract. The Haynes Motor Sales Company had for a valuable consideration assigned its contract with Leppel to plaintiff, which company, upon ascertaining the facts, brought suit to recover from defendant the amount collected by it under the Nyberg contract.

Under the circumstances as narrated the trial court found that all sums of money collected by defendant were the property of plaintiff, and judgment was accordingly rendered in its favor, and defendant appeals.

In support of its appeal the defendant claims that it obtained good title to the Nyberg contract for two reasons, first, because of the fact that express authority was given to Leppel in the contract made with plaintiff's assignor to sell the automobile; and, second, irrespective of this question plaintiff's assignor, having clothed Leppel, its agent, with authority to dispose of the same and with the indicia of ownership of the contract with Nyberg—which by its authorization stood in his name—it is estopped from asserting its title as against an innocent purchaser for value and without notice.

As heretofore indicated the contract made by plaintiff's assignor did in express terms authorize Leppel to sell the machine, and it appears that the appellant company had no notice or knowledge of the terms of the contract requiring Leppel to turn over the proceeds of the sale to the Haynes Motor Company or its assignee or of any claim of such company to the proceeds until long after it acquired title to the same. Respondent company concedes, as it must, that under the facts of the case Leppel had full authority to vest title in the automobile itself in Nyberg, but it questions the

tortious transfer to appellant's assignor of the proceeds derived from the sale. We can see no reason why the principles invoked by appellant are not equally applicable to the proceeds of the contract as to the automobile itself. There is nothing in the conditional sales contract between Leppel and Nyberg in any manner indicating that Leppel was not the owner thereof. While the contract was not introduced in evidence it was stipulated that it was made directly between Leppel and Nyberg. Under these circumstances we can see no difference between the automobile itself and the contract under which it was sold and which secured its payment. We will therefore discuss the question as though the principles controlling apply to both the automobile and the contract.

[1] It is of course elementary that one cannot be divested of his property without his consent or by due process of law; and the maxim that no one can transfer a better title than he himself has controls questions arising as to property of which a transfer is attempted. There are many exceptions to this rule, however. One generally recognized is that where a principal entrusts property to an agent with express authority to sell, and the agent does sell, the principal can neither legally nor equitably complain or have a cause of action against the innocent purchaser, for the obvious reason that he himself has put it within the power of his agent to dispose of the property. This doctrine has found expression in our codes, where it is provided that "Where the possession of personal property, together with a power to dispose thereof, is transferred by its owner to another person, an executed sale by the latter while in possession to a buyer in good faith and in the ordinary course of business for value transfers to such buyer the title of the former owner, though he may be entitled to rescind and does rescind the transfer made by him." (Civ. Code, sec. 1142.) This principle has been repeatedly dealt with and announced by the appellate courts of this state. [2] In *Woodsum* v. *Cole,* 69 Cal. 144 [10 Pac. 331], it is held that where the true owner holds out another or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third persons are thus led into dealing with him, they will be protected. Their rights in such a case do not depend upon the actual title or authority

of the party with whom they deal directly but rather are derived from the act of the true owner, which precludes him from disputing as against them the existence of the title or the power which through negligence or mistaken confidence he caused or allowed to appear to be vested in the party making the transfer. (See, also, *Carpy* v. *Dowdell,* 115 Cal. 686 [47 Pac. 695]; *Fowler* v. *National Bank of California,* 167 Cal. 653 [140 Pac. 271]; *Brewster* v. *Sims,* 42 Cal. 139; 39 Cyc. 373.)

[3] Nor is this principle affected or in anywise altered because of the fact, as here, that the agent has been unfaithful to his trust and embezzles or fails to account for the proceeds to his principal. The consequences of a betrayal of trust should fall upon him who reposes it rather than upon innocent strangers (35 Cyc. 363; 39 Cyc. 373). Where a principal not only trusts an agent with the possession of property but also clothes him with apparent ownership or power of sale, he will not be permitted to deny the agent's authority as against third persons who have dealt with him in good faith and with reasonable prudence (*Carpy* v. *Dowdell,* 115 Cal. 686 [47 Pac. 695]; 31 Cyc. 1353).

The principle of equitable estoppel has also found expression in section 3543 of the Civil Code, where it is laid down in these terms: "Where one of two innocent persons must suffer by the act of a third he by whose negligence it happened must be the sufferer." Here it appears without conflict that the true owner not only gave to its agent possession of the automobile, with power to dispose thereof, but by permitting him to make the contract for its sale in his own name clothed him with the apparent ownership of such contract, which was eventually transferred to the defendant, who paid full value for it without notice of the rights of the plaintiff therein. Under these circumstances the defendant is entitled to be protected.

[4] Finally, respondent contends that appellant is not to be regarded as an innocent purchaser for the reason that the assignment from Leppel to Levin, defendant's immediate predecessor in interest, was made in consideration of the extinction of a pre-existing indebtedness.

[5] The cancellation of a pre-existing indebtedness is a valuable consideration. But aside from this question, whatever may be said concerning the consideration paid by Levin

it affirmatively appears from the record, and the fact is not disputed, that defendant paid full value for the assignment to it of the Nyberg contract. Its rights are not to be measured by those of its assignor. The principle is well settled that inasmuch as a purchaser for value is protected from prior equities of which he has no notice, he takes free from such equities even though his grantor is charged with notice (23 Am. & Eng. Ency. of Law, p. 478; *Hoots* v. *Williams,* 116 Ala. 372 [22 South. 497]; *Holcomb* v. *Mosher,* 50 Mich. 252 [15 N. W. 129]). As with notice, so with regard to the consideration paid by a predecessor in interest. A defect therein does not defeat the right of the subsequent holder who has parted with a valuable consideration, as the defendant in this case admittedly did.

From what we have said it follows that the judgment should be and it is hereby reversed.

Knight, J., and St. Sure, J., concurred.