[Civ. No. 4250. Second Appellate District, Division One.—February 19, 1925.]

## M. C. STUKEY, Appellant, v. MIHARA et al., Respondents.

[1] CLAIM AND DELIVERY — SALE OF AUTOTRUCK — REGISTRATION OF OWNERSHIP—ESTOPPEL—EVIDENCE.—Where the assignee of a conditional vendor of an autotruck, which was registered in the name of such vendor as the "legal owner," and which was returned to the vendor after default by the vendee, knew during all the time that the vendor had the truck that it was registered in the name of the vendor as "legal owner," and the vendor again sold the truck on a conditional sales contract, assigning its interest therein to a different assignee, and the second vendee caused a registration to be made and a certificate to issue showing the vendor as "legal owner," the application for the change in registration being signed by the second vendee and said vendor, the first assignee was not entitled to succeed in an action of claim and delivery for the possession of the truck against the second vendee and the successor of the assignee of the second conditional sales contract.

(1) 21 C. J., p. 1176, n. 7.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Hindman for Appellant.

Van Lee Hood for Respondents.

HOUSER, J.—Plaintiff brought an action in claim and delivery against defendants for the possession of an autotruck. From a judgment in favor of defendants, plaintiff appeals.

The facts appear to be that Los Angeles Auto Sales Company sold the truck to one Inui on a conditional sales contract and immediately thereupon assigned its interest in the contract to plaintiff. Inui defaulted in his payments on the truck and after a short time it was returned to Los Angeles Auto Sales Company, which for a period covering

several following months kept up the payments as they fell due on the contract. Thereafter Los Angeles Auto Sales Company sold the truck to defendant Mihara, likewise on a conditional sales contract, and thereupon assigned its interest in the Mihara contract to Angelus Investment Company, which, in turn, assigned to defendant Braley.

When the sale was made to Inui he caused the transaction to be registered in accordance with the provisions of the Motor Vehicle Act (Stats. 1919, p. 191), and a certificate was thereupon issued showing Los Angeles Auto Sales Company as "legal owner" and Inui as "owner" of the truck; but on the assignment of the conditional sales contract in that transaction no registration was made or certificate issued showing plaintiff's connection therewith. During all the time that the Los Angeles Auto Sales Company had the truck plaintiff knew that it was registered in the name of the Los Angeles Auto Sales Company as legal owner.

On the second sale of the truck being made, that is, the sale to defendant Mihara, he caused a registration to be made and a certificate to issue showing Los Angeles Auto Sales Company as "legal owner" and Mihara as "owner" of the truck. The application for change in the registration of the truck and the issuance of the last-mentioned certificate was signed by Mihara and Los Angeles Auto Sales Company.

Some time after the action was commenced Angelus Investment Company, in order to have the truck registered in its name, gave a bond to the state of California to accomplish that purpose; whereupon a certificate issued showing Angelus Investment Company as "legal owner" and Mihara as "owner." Thereafter the contract was assigned to defendant Braley.

The effect of the argument of counsel for appellant is that by the assignment of the first contract, Los Angeles Auto Sales Company passed all its interest in the truck under the contract to plaintiff; that no delivery of the truck to plaintiff was necessary; and that under the provisions of the Motor Vehicle Act neither the registration of the transfer nor the issuance of a certificate was required.

[1]   Whatever might be said in support of such contentions becomes of no moment in view of the recent decision by the supreme court in the case of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], where the facts were strikingly similar to those in the instant case. It is there held (syllabus) : ''In an action of claim and delivery for the possession of an automobile, where the plaintiffs permitted the conditional vendor and vendee of said automobile to keep the certificate of registration indorsed alone by the original owner, thus enabling them to dispose of the property to an innocent purchaser in the belief that he was obtaining valid title thereto, said plaintiffs are estopped to deny that such innocent purchaser had obtained such title, and as the registration certificate was a prerequisite to the passing of title and the plaintiffs failed to obtain such certificate and negligently allowed it to remain outstanding they cannot recover possession of the automobile in an action for claim and delivery, since defendant, as an innocent purchaser, acquired lawful possession thereof.''

And see, also, *Chucovich* v. *San Francisco Securities Corp.,* 60 Cal. App. 700 [214 Pac. 263] ; *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848].

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.