[Civ. No. 5044.   First Appellate District, Division One.—April 12, 1926.]

FRANCIS T. RAPP, Appellant, v. FRED W. HAUGER MOTORS COMPANY (a Corporation) et al., Respondents.

[1] ESTOPPEL—EXISTENCE OF—QUESTION OF FACT.—The existence of an estoppel is a question of fact.

[2] PLEDGES—POSSESSION OF AUTOMOBILE—POWER OF DISPOSITION—OWNERSHIP—INNOCENT THIRD PARTY.—Under sections 2991 and 1142 of the Civil Code, where the true owner holds out another, or allows him to appear as the owner, or as having full power

1.   See 10 Cal. Jur. 656; 10 R. C. L. 845.
2.   See 10 Cal. Jur. 641.
   77 Cal. App.—27

to dispose of an automobile, an innocent third party thus led into dealing with the latter will be protected; and under such circumstances the true owner can neither legally nor equitably maintain a cause of action against the innocent party, whose rights do not depend upon the actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes him from disputing, as against such innocent party, the existence of the title or power which he has caused or allowed to be vested in the party making the sale.

[3] ID.—RIGHT TO POSSESSION—CERTIFICATE OF REGISTRATION—ESTOPPEL.—Where an automobile sales company at the time of pledging an automobile as security for a note had possession thereof with a certificate of registration, on which the true owner had indorsed transfer of title to enable the company to sell it, and there was substantial evidence that the indorsed certificate was exhibited to the pledgee and was instrumental in inducing him to believe that the company was the owner, a finding that the owner was estopped to dispute the company's title or power of disposition as against the pledgee was justified.

[4] ID.—DISPOSITION BY APPARENT OWNER—TITLE—ESTOPPEL.—Where an automobile sales company had possession of an automobile with certificate of registration, on which the owner had indorsed transfer of title, when it pledged the automobile as security for a note, it was immaterial, on the issue of the owner's estoppel to dispute the company's title and power of disposition as against the pledgee, whether it obtained or had possession of the automobile on the date of the bill of sale executed by the owner or when a subsequent conditional sales contract was entered into between the owner and the company.

[5] ID.—APPARENT TITLE IN PLEDGOR—ESTOPPEL AGAINST TRUE OWNER—RIGHT OF PLEDGEE.—The pre-existing debt from the company to the pledgee constituted a valid consideration for the pledge of the automobile as security for the note, and the pledgee became a pledgee for value with rights superior to those of the owner, who had entrusted the automobile to the pledgor under circumstances showing apparent ownership in the latter.

(1) 21 C. J., p. 1253, n. 98.    (2) 21 C. J., p. 1176, n. 7.    (3) 21 C. J., p. 1172, n. 77.    (4) 21 C. J., p. 1250, n. 80 New.    (5) 31 Cyc., p. 796, n. 20, 21, p. 811, n. 67, 74, p. 812, n. 77, 78.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

5.  See 21 Cal. Jur. 321.

The facts are stated in the opinion of the court.

Eugene F. Conlin and Fred C. Hutchinson for Appellant.

P. A. Bergerot and A. P. Dessouslavy for Respondents.

KNIGHT, J.—Plaintiff Francis T. Rapp brought this action in claim and delivery to recover possession of an automobile or its value. He was denied the relief prayed for in his complaint and a judgment for damages in the sum of $1,500 was awarded against him and in favor of defendant J. A. Nougue, from whose possession the automobile in question had been taken and subsequently sold subject to the replevin proceedings. Plaintiff has appealed and urges as principal ground for reversal that the evidence is insufficient to support the findings or the judgment.

At the time the transactions hereinafter mentioned occurred the corporate defendant Fred W. Hauger Motors Company was handling the San Francisco sales agency for Stearns-Knight automobiles, Fred W. Hauger being the president of said company and conducting the negotiations between the interested parties. Rapp was the owner of a 1920 model touring automobile of the manufacture mentioned and on March 17, 1921, entered into a written contract with the defendant Motors Company for the purchase of a new automobile, a 1921 model of said manufacture, for the sum of $3,125, the Motors Company agreeing to accept Rapp's old model as a payment of $2,450 on the purchase price. Pursuant to this contract Rapp executed and delivered to the Motors Company a bill of sale of the old model, but pending the arrival and delivery to him of the new one was allowed to use the old model after certain repairs had been made thereto and new tires supplied by the Motors Company. On July 26, 1921, at Hauger's suggestion, a new arrangement was made whereby title to the old model was retransferred by said Company to Rapp by means of a bill of sale, and thereupon two conditional sales contracts were entered into between the parties. One of them was for the purchase of the old automobile by the Motors Company for the sum of $2,450, the receipt of $1,000 being acknowledged, and the balance of $1,450 made payable in monthly installments of $145 each; the other was for

the purchase of the new automobile by Rapp for the sum of $3,125, the receipt of $1,000 being acknowledged and the balance made payable in equal monthly installments of $212.50. The new car was delivered to Rapp about September 1, 1921, at which time he surrendered the old one to the Motors Company with the admitted understanding that it was to be sold by said Company. In this connection the conditional sales contract provided that "if the above car is sold by purchaser (Motors Company) balance of purchase price to be due and payable forthwith." Up to the time the automobiles were exchanged the Motors Company had paid two installments of $145 each on the purchase price of the old one. On September 12, 1921, at Hauger's request, and in order to facilitate the sale of the old car, Rapp signed the printed indorsement of transfer of title appearing on the reverse side of the certificate of registration issued by the state motor vehicle department and delivered said certificate to the Motors Company. Said indorsement was in the following form: "Endorsement of transfer with application for re-registration. The undersigned registered owner of this automobile has transferred to the undersigned buyer, with the consent of the legal owner, his interest therein." Rapp, also as legal owner, signed the written consent to said transfer. The automobile in question continued to remain in the possession of the Motors Company until October 28, 1921, at which time said Company executed a bill of sale and transferred the possession thereof to the defendant Nougue to secure the payment of a promissory note executed by the Motors Company on September 16, 1921, said note having been secured previously by the pledge of another automobile which the Motors Company had disposed of. During the negotiations between the Motors Company and Nougue, the Motors Company exhibited to Nougue, as evidence of ownership, the indorsed certificate of registration showing the transfer of title to said Company; also the bill of sale of March 17, 1921, from Rapp to said Company. During the following month, November, 1921, Nougue obtained possession of said indorsed certificates and attached his name thereto as second buyer. Upon the delivery of the car to Nougue on September 16, 1921, it was removed by him to his private garage, where it was kept until about December 10, 1921. It was

then seized under process issued in this action and subsequently sold by the sheriff for the sum of $1,000. The value of the car when seized, according to the allegations of the complaint and as found by the court, was $1,500, for which amount Nougue was given judgment.

The defendant Nougue pleaded an estoppel and the trial court based its judgment in his favor on the issue raised by that defense, having found with respect thereto that "said plaintiff is estopped as against defendant J. A. Nougue from claiming the title to, or the right to possession of said automobile."

[1] The question of the existence of an estoppel is one of fact. (*Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435]; *Di Nola* v. *Allison,* 143 Cal. 106 [101 Am. St. Rep. 84, 65 L. R. A. 419, 76 Pac. 976].) The important question presented for determination, therefore, is whether the evidence is sufficient to support the trial court's finding as to the estoppel. We are of the opinion that it is.

[2] Section 2991 of the Civil Code provides that "One who has allowed another to assume the apparent ownership of property for the purpose of making any transfer of it, cannot set up his own title, to defeat a pledge of the property, made by the other, to a pledgee who received the property in good faith, in the ordinary course of business, and for value"; and section 1142 of the same code declares that "Where the possession of personal property, together with a power to dispose thereof, is transferred by its owner to another person, and executed sale by the latter, while in possession, to a buyer in good faith and in the ordinary course of business, for value, transfers to such buyer the title of the former owner, though he may be entitled to rescind, and does rescind the transfer made by him." Agreeable to the legal principles stated in these code sections it has been held in a number of cases involving sales or pledges of automobiles by persons clothed with *indicia* of ownership that where the true owner holds out another or allows him to appear as the owner of or as having full power of disposition over the property, and an innocent third person is thus led into dealing with him, the rights of the innocent person will be protected; that under such circumstances the true owner can neither legally nor equitably complain or maintain a cause of action against the

innocent party for the obvious reason that he himself has put it within the power of the apparent owner to dispose of the property. (*Anglo-California Trust Co.* v. *Pacific Acceptance Corp.*, 70 Cal. App. 41 [232 Pac. 489]; *Chucovich* v. *San Francisco Securities Corp.*, 60 Cal. App. 700 [214 Pac. 263]; *Parke* v. *Franciscus, supra; Carter* v. *Rowley*, 59 Cal. App. 486 [211 Pac. 267]; *Stukey* v. *Mihara*, 71 Cal. App. 355 [234 Pac. 919]; *Sidney* v. *Wilson*, 67 Cal. App. 282 [227 Pac. 672].) It is furthermore held that the rights of the innocent party do not depend upon the actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes him from disputing, as against the innocent party, the existence of the title or power which, through negligence or mistaken confidence, he has caused or allowed to be vested in the party making the sale. (*Sidney* v. *Wilson, supra; Carpy* v. *Dowdell*, 115 Cal. 677 [47 Pac. 695]; *Fowles* v. *National Bank of California*, 167 Cal. 653 [140 Pac. 271]; *Brewster* v. *Sime*, 42 Cal. 139; 10 Cal. Jur. 641.)

[3] We believe that the facts of the present case have been brought clearly within the legal principles above stated, and that the cases cited are decisive herein upon the question of estoppel. Even assuming, as appellant contends, that the Motors Company wrongfully exhibited to Nougue as evidence of ownership the bill of sale dated March 17, 1921, which appellant claims was superseded by the later transaction of July 26, 1921, the legal situation is not changed for the reason that, aside from the matter of said bill of sale, the Motors Company, at the time it pledged the car with Nougue, was clothed with *indicia* of ownership by having possession of said automobile along with the certificate of registration upon which appellant had duly indorsed a transfer of title. Appellant admitted while testifying that the purpose of the delivery of the automobile and of the indorsed certificate of registration to the Motors Company was to vest in said Company the power to dispose of the automobile; and there is substantial evidence to show that the indorsed certificate was exhibited to Nougue by the Motors Company at the time he accepted the automobile as a pledge, and was instrumental in inducing him to believe that the Motors Company was the owner of the property about to be pledged. This evidence, when considered

along with the other circumstances mentioned, was sufficient to justify the application of the doctrine of estoppel.

[4]   Appellant also attacks the findings of the trial court to the effect that said automobile was delivered to the Motors Company on March 17, 1921, and was in its possession on July 26, 1921, upon the ground that neither finding is supported by the evidence.  As already pointed out, the rights of an innocent party do not depend upon the actual title of the party with whom they deal directly, but are grounded upon the acts and conduct of the real owner in clothing such party with apparent ownership. (*Sidney* v. *Wilson, supra.*)   The evidence proves without conflict that on October 28, 1921, at the time of the Nougue transaction, the Motors Company had possession of said car under circumstances showing apparent ownership and therefore it would seem to be immaterial whether or not the Motors Company obtained or had possession of the automobile on either of the prior dates mentioned.

[5]   The pre-existing debt from the Motors Company to Nougue constituted a valid consideration for the pledge, and it follows that by reason of the validity thereof Nougue became a pledgee for value, with rights superior to those of appellant, who had entrusted the property to the pledgor. (*Fowles* v. *National Bank of California, supra; Smitton* v. *McCullough,* 182 Cal. 530 [189 Pac. 686] ; *Grange* v. *Judah Boas Co.,* 60 Cal. App. 484–492 [213 Pac. 712].)

The remaining points urged by appellant relate merely to the main ones already disposed of and therefore do not require discussion.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.