[Civ. No. 3792.   Third Appellate District.—January 22, 1930.]

PACIFIC FINANCE CORPORATION, Appellant, v. J. T. HENDLEY et al., Respondents.

336

A. G. Bailey and G. J. Irwin for Appellant.

Neal Chalmers for Respondents.

FINCH, P. J.—In this action to recover possession of two automobiles they were delivered to the plaintiff before trial, pursuant to the provisions of sections 509 to 514 of the Code of Civil Procedure. Judgment was entered in favor of the defendant Valley Investment Company for the return of the property or the value thereof, found by the court to be $2,500. The plaintiff has appealed from the judgment.

At the time of the transactions described herein the defendant Hendley was a retail dealer in automobiles at

Woodland. He ordered a number of automobiles from the Pacific Nash Motor Company, including the two mentioned, and they were shipped by that company, which forwarded the bills of lading, together with sight drafts for the amount of the purchases, to the plaintiff, the motor company reserving title until the drafts were paid by the plaintiff. By these transactions the title to the automobiles was transferred from the Pacific Nash Motor Company to the plaintiff. (Civ. Code, sec. 2129b; *Mohr* v. *First Nat. Bank,* 69 Cal. App. 756 [232 Pac. 748]; *Lawshe* v. *Norfolk Southern R. Co.,* 191 N. C. 473 [132 S. E. 160].) The plaintiff then sold the automobiles to Hendley on conditional sale contracts, reserving title until payment of the agreed prices. By the terms of these contracts Hendley agreed "not to sell, . . . lease, mortgage, hypothecate, or otherwise dispose of said personal property . . . during the life" of the contracts. The plaintiff knew, however, that Hendley "was in the business of retailing automobiles"; that those sold to him by the plaintiff were placed "on his floor and in his show room"; and that he purchased the automobiles for resale. ■ After the automobiles had been kept on display for a few months by Hendley, he borrowed $3,000 from the Valley Investment Company, giving his promissory note therefor, and as security for the payment thereof he gave that company a bill of sale of three automobiles, including the two involved in this action, and also a trust receipt acknowledging that company's ownership of the property, but there was no change of possession thereof. The bill of sale and trust receipt constituted a mortgage only. (*Bonestell* v. *Automotive F. Corp.,* 69 Cal. App. 719 [232 Pac. 734].) Hendley made a payment of $900 on the promissory note, but it does not clearly appear whether he paid anything additional on account of the monthly installments of interest as they fell due. About three months after the execution of these instruments Hendley abandoned his business and disappeared. The investment company thereupon took possession of the two automobiles in question and thereafter the plaintiff commenced this action.

The complaint alleges that the plaintiff is the owner and entitled to the possession of the automobiles. The answer of the defendant Valley Investment Company, which will be referred to as the defendant and respondent, the other

defendants having filed no answer, denies that the plaintiff is the owner or entitled to possession of the property and alleges that the defendant is the owner thereof and entitled to its possession. The court found the allegations of the complaint to be untrue and those of the answer to be true.

It is well settled in this state that the owner of personal property may make a conditional sale of the same and deliver possession thereof, reserving the title thereto until payment of the agreed price, which title will be superior to that of a subsequent purchaser or mortgagee without notice of the reservation. (*Oakland Bank of Savings* v. *California P. B. Co.*, 183 Cal. 295, 297 [191 Pac. 524].) It is equally well settled that if personal property is delivered, under a conditional sale contract, to a buyer who is engaged in the business of selling property of the same kind and, with the knowledge of the seller, is placed on display for sale with such other property, the holder of the reserve title is estopped to assert it against a *bona fide* sub-vendee for value. (Civ. Code, sec. 1142; *Democrat-Herald Pub. Co.* v. *Pettit*, 94 Cal. App. 724 [271 Pac. 910]; *General Securities Corp.* v. *Reo Motor Car Co.*, 91 Cal. App. 16 [266 Pac. 576]; *State Finance Co.* v. *Isaacson*, 86 Cal. App. 113 [260 Pac. 580]; *Rapp* v. *Fred W. Hauger Motors Co.*, 77 Cal. App. 417 [246 Pac. 1067]; *Anglo-California Trust Co.* v. *Pacific Acceptance Co.*, 70 Cal. App. 41 [232 Pac. 489]; *Carter* v. *Rowley*, 59 Cal. App. 486 [211 Pac. 267].)

In such a case the rights of the innocent sub-vendee "do not depend upon the actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes him from disputing as against the innocent party, the existence of the title or power which, through negligence or mistaken confidence, he has caused or allowed to be vested in the party making the sale." (*Rapp* v. *Fred W. Hauger Motors Co.*, 77 Cal. App. 417, 422 [246 Pac. 1067, 1069].) The word "buyer" as used in section 1142 of the Civil Code is synonymous with the word "purchaser," and, in similar cases, it has been held that "purchaser" includes "mortgagee." (*Hughes* v. *Bullen*, 209 Ala. 134 [95 South. 379]; *Brunsdon* v. *Brunsdon*, 199 Iowa, 1099 [200 N. W. 823]; *In re Gill's Estate*, 79 Iowa, 296 [9 L. R. A. 126, 44 N. W. 553]; *Halbert* v. *McCulloch*, 60 Ky. 456 [79 Am. Dec. 556]; *Snyder* v. *Hitt*, 32

Ky. 204; *Jones* v. *Light,* 86 Me. 437 [30 Atl. 71]; *Eason* v. *Garrison & Kelly,* 36 Tex. Civ. App. 574 [82 S. W. 800]; *Allison* v. *Manzke,* 118 Wis. 11 [94 N. W. 659].)

■ Appellant contends that respondent cannot rely on the defense of estoppel because the answer contains no such defense. The complaint does not disclose the basis of the plaintiff's claim of title and right to possession and it does not appear that the defendant had any knowledge thereof at the time the answer was filed and therefore the defendant was not called upon to plead an estoppel. The court, however, failed to find on the issue of estoppel, but found erroneously that title was in the defendant and not in the plaintiff. It further appears that the evidence is insufficient to prove an estoppel. ■ A necessary element of the estoppel attempted to be proved is that the defendant, at the time of the transaction with Hendley, was without notice or knowledge of the plaintiff's title. The defendant is a partnership composed of two men named Foulks and Elliott. Foulks testified that he knew nothing of plaintiff's reserved title, but it does not appear whether or not Elliott had notice or knowledge thereof. The knowledge of either partner is the knowledge of the partnership. (*Hazzard* v. *Johnson,* 45 Cal. App. 19, 27 [187 Pac. 121].) "The burden rests upon the party asserting an estoppel to prove all the elements constituting it." (10 Cal. Jur. 656.)

■ The value of the property as found by the court exceeded the amount due the defendant from Hendley. The plaintiff resold the automobiles prior to the trial. In no event is the defendant entitled to recover a greater sum than the value of its special interest in the property. (*Campbell* v. *Smith,* 96 Cal. App. 689 [274 Pac. 758].)

The judgment is reversed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1930, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing herein is denied. In denying said petition, we withhold our approval of that portion of said opinion which purports to hold that a mortgagee is protected by the provisions of section 1142 of the Civil Code in the same way and to the same extent that a buyer under an executed sale of personal property from a person having possession thereof with power to dispose of the same, is afforded protection by said section. While in some cases the words "buyer" and "purchaser" are used synonymously, and in others a "purchaser" has been held to include a "mortgagee," we know of no authority, and none has been cited by the respondent, which goes so far as to hold that a mortgagee is ever "a buyer at an executed sale."

All the Justices concurred.