[Civ. No. 6738. Second Appellate District, Division One.—October 29, 1931.]

MARIE G. BARBER, Appellant, v. MASON MANUFAC-TURING COMPANY, INC. (a Corporation), Respondent.

G. C. De Garmo, H. B. Cornell and W. M. Crane for Appellant.

Lissner, Roth & Gunter for Respondent.

CONREY, P. J.—By her complaint in this action appellant sought to recover the sum of $1800 (with interest) claimed to be due as rent for the four months beginning July 1, 1928, under a lease of real property. From the judgment, entered in favor of defendant, the plaintiff appeals.

On the first day of June, 1923, and thereafter during the lifetime of George F. Barber, who was appellant's husband, he and appellant were the owners of said real property as joint tenants. On the thirteenth day of February, 1928, George F. Barber died. On the first day of June, 1923, Mr. Barber entered into a ten-year lease with the defendant, covering said real property, at the rental of $450 per month, and in said lease provided that defendant should have a five-year option to purchase the property at a stated price. This lease was not signed by appellant, but was executed by the husband alone. During the lifetime of Mr. Barber appellant knew that her husband had executed a lease of the property, although she did not see the document and did not know that it contained an option to purchase. During that period all of the rents were paid to the husband.

On the ninth day of March, 1928, Mr. G. C. De Garmo, on behalf of appellant, addressed to defendant a letter concerning said lease. It is admitted that Mr. De Garmo was the duly authorized representative of appellant for that purpose. In that letter Mr. De Garmo stated that it had always been the intention of the appellant that this property should be held intact first by her, provided she survived Mr. Barber, and later by the children for their support; that she would therefore have been unalterably opposed to putting the option in the lease, and that now having it called to her attention she was insistent that she would not be bound by it. "I am therefore instructed to advise you that Mrs. Barber will not recognize or be bound by the lease or option in so far as it relates to or affects her interest in the property, either at the time the lease was executed or at the present time, and the payment and acceptance of the rent provided in the lease must be upon that understanding." The letter then suggested that appellant was willing to execute a new lease at the same rental, and for a longer period of time if desired, and upon the same terms and conditions except that the option clause must be omitted.

Defendant's receipt of said letter was followed by negotiations for a new lease, which, however, did not result in the execution of any such lease. Subsequent to March 9th defendant paid the rent for March, April, May and June, and vacated the premises on the thirtieth day of June, pursuant to a notice of termination of tenancy, which notice was given by defendant to appellant on the twenty-fourth day of May, 1928. In the latter part of March, according to the testimony of Mr. Mason, president of defendant company, Mr. De Garmo said to him: "You have no lease and you are renting from month to month."

The premises covered by the lease were used by the defendant in the business of manufacturing furniture. The court found that the defendant acquiesced in appellant's repudiation of the lease, and accordingly purchased other property for the purposes of its business and on or about June 30, 1928, actually removed its business to such other property, and vacated the leased premises.

Appellant contends that the court's finding that defendant acquiesced in the repudiation by plaintiff is in effect a finding that the parties by mutual consent rescinded the lease, and that this finding of rescission is inconsistent with other findings to the effect that appellant was estopped to enforce the terms of the lease: We are of the opinion that the findings, properly construed, rest upon the fact of estoppel and not upon rescission. The question of the existence of facts constituting an estoppel was a question of fact to be determined upon the evidence. (*Rapp* v. *F. W. Hauger Motors Co.*, 77 Cal. App. 417, 421 [246 Pac. 1067].) We think that the evidence was sufficient to support the findings.

The judgment is affirmed.

Houser, J., and York, J., concurred.