[Civ. No. 5800. Second Appellate District, Division One.—April 12, 1928.]

GENERAL SECURITIES CORPORATION, Respondent, v. REO MOTOR CAR COMPANY (a Corporation), Appellant.

Lloyd Wright and Charles E. Millikan for Appellant.

W. W. Hindman for Respondent.

WOOD (W. J.), J., *pro tem.*—Defendant was at the time of the transaction which gave rise to this litigation engaged in the business of selling automobiles to dealers and plaintiff was engaged in the business of buying conditional sale contracts on automobiles from dealers who were selling automobiles to purchasers on such contracts. The car handled by defendant was known as the "Reo," and one F. S. Stewart was the Reo dealer in the city of Santa Barbara. Stewart conducted a business establishment in that city in which he was engaged in the business of buying and selling automobiles and in which he displayed automobiles for sale to the general public. On January 23, 1922, defendant sold to F. S. Stewart the automobile described in the complaint by conditional sale contract. This automobile was delivered to Stewart and by him displayed for sale in his place of business at Santa Barbara. On February 8, 1922,

Stewart drew up a conditional sale contract purporting to sell the car to one L. C. Simmons, the contract reciting a valuable consideration. Thereafter, Stewart, in the ordinary course of business and for a valuable consideration, sold the Simmons conditional sale contract to plaintiff. At that time plaintiff did not know that Stewart did not own the automobile or that it had been purchased under conditional sale contract by Stewart, but believed that Stewart was the owner of the automobile and entitled to sell it. Most of the facts are stipulated by the parties. The court found, upon evidence which fully sustains the findings: "That during said period of time said F. S. Stewart bought from the defendant herein many Reo automobiles on conditional sales contract, and that defendant during all of said times knew of, permitted, allowed and directed the said F. S. Stewart to re-sell in his own name on conditional sales contract to the general public cars which it, the said defendant, had sold to him, the said F. S. Stewart, on conditional sales contract before he, the said F. S. Stewart, had paid it, the said defendant herein, the balance due on said conditional sales contract; and permitted and allowed the said F. S. Stewart during all of said times to hold himself out to the general public as being owner of and also as being entitled to sell said cars in his own name, and convey clear title thereto. That the said F. S. Stewart, with the knowledge of the defendant, did not have sufficient money or means to finance or carry on his business or to pay the defendant for cars purchased by him on conditional sales contract, or otherwise, without re-selling such cars so purchased and selling all conditional sales contracts taken by him, the said F. S. Stewart, on the re-sale of said cars to the general public. That this defendant knew at all of said times that the said F. S. Stewart was in his own name re-selling all of the cars sold to him by it on conditional sales contract to the general public on conditional sales contract, and in order to obtain money to pay the balance due it, the said defendant, he, the said F. S. Stewart, was selling said conditional sales contracts so taken by him in his own name on such re-sales to some finance company, who was in the business of purchasing paper of that kind; and that during said period of time he did sell to the plaintiff herein many of said conditional sales contracts and turned

over the money received therefrom to the defendant herein to be applied upon his said indebtedness to it.'' Both the contract by which Stewart purchased from defendant and the contract by which Stewart purported to sell to Simmons provided that the title to the car should be retained by the respective sellers until the purchase price thereof should be paid. On March 1, 1922, Stewart was in default in the payment of the balance of the purchase price due on his contract, and the defendant took possession of the automobile which it thereafter sold to one Weise. No payments were made on the contract sold to the plaintiff and at the time of the commencement of the action many payments were due and unpaid. The trial court gave plaintiff judgment for the value of the car and from this judgment defendant appeals.

Defendant rests upon the general rule that ''a vendee of personal property, under conditional sales contract in which title is expressly reserved and remains in the vendor, cannot, in a subsequent sale, grant or sell any better title than he himself has.'' Ample authority can be found for this rule. Authorities are equally numerous, however, in holding that ''where the owner of the property clothes another with the apparent title to or power of disposition over it, and an innocent third party has thereby been induced to deal with the apparent owner in reference thereto,'' the true owner in such case is estopped from afterward asserting his title. (*Chase* v. *Whitmore,* 68 Cal. 545 [9 Pac. 942].) Section 2317 of the Civil Code provides: ''Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess.'' In *Shirey* v. *All Night and Day Bank,* 166 Cal. 50 [134 Pac. 1001], the court said: ''Where the true owner holds out another, or allows him to appear as the owner of or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power, which through negligence, or mistaken confidence, he caused or allowed to appear to be vested in the

party making the conveyance." (*Schultz* v. *McLean*, 93 Cal. 329 [28 Pac. 1053]; *Gardiner* v. *McDonough*, 147 Cal. 313 [81 Pac. 964]; *Chucovich* v. *San Francisco Securities Corp.*, 60 Cal. App. 700 [214 Pac. 263].) It was held in *Carter* v. *Rowley*, 59 Cal. App. 486 [211 Pac. 267], that where the owner of an automobile, knowing that a certain dealer is engaged in the business of selling second-hand cars, delivers his car to said dealer for the purpose of finding a purchaser, he thereby clothes said dealer with such *indicia* of authority to sell the car as usually accompanies such authority according to the custom of trade and the general understanding of business men, and he cannot recover the machine from an innocent purchaser from said dealer on the latter's premises, even though said dealer exceeded his authority in making the sale. The court said: "As between two innocent persons, one of whom must suffer, the loss should fall on the principal who has armed the agent with apparent authority and thus has enabled him to obtain the advantage of the person with whom he trades, rather than on the purchaser, where the agent acts within the apparent scope of his authority and there is nothing in the transaction to put the purchaser on notice that the agent is exceeding his authority." Section 3543 of the Civil Code provides: "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." In the case at bar the owner of the automobile placed it in the hands of a dealer who was engaged in the business of buying and selling automobiles and authorized him to place it on sale to the general public. Defendant undoubtedly allowed Stewart to appear as the owner of the car, or at least as having "full power of disposition" over it. Plaintiff had no notice whatever of any claim of ownership by anyone other than Stewart. Plaintiff was undoubtedly an innocent party in the transaction and its rights should be protected. If Stewart failed in his duty toward defendant the responsibility does not rest with plaintiff, who was dealing with Stewart at arms'-length. Defendant cannot escape liability by showing that an investigation on the part of plaintiff would have disclosed that the automobile was not registered in Stewart's name. We know of no rule which, in the absence of circumstances

putting him on guard, requires the purchaser of personal property from a dealer at a regularly established place of business to commence an investigation to determine the status of the title of the dealer having possession of the article offered for sale.

Under the findings of the trial court and the facts as proved at the trial, defendant not only vested Stewart with ostensible authority to sell the automobile, together with the conditional sale contract thereon, but gave him absolute authority to do so. The treasurer of defendant company testified that for a long period of time Stewart was buying cars from defendant on conditional sale contracts, and was in turn reselling them on conditional sale contracts with the knowledge and consent of the officials of defendant company. The witness knew that it was necessary for Stewart to conduct his business in this way for financial reasons. The plan was agreed to by the defendant, but with the promise on the part of Stewart, so the witness testified, that defendant would be advised before the resales were made by Stewart. It thus appears that express authorization was given Stewart by defendant to resell the cars by the method followed in the instant case. Defendant is not now in position to complain if Stewart did not keep good faith by advising defendant before the resales were actually made. Section 1142 of the Civil Code, provides: ''Where the possession of personal property, together with a power to dispose thereof, is transferred by its owner to another person, an executed sale by the latter, while in possession, to a buyer in good faith and in the ordinary course of business, for value, transfers to such buyer the title of the former owner, though he may be entitled to rescind, and does rescind the transfer made by him.''

Defendant contends that plaintiff was put upon notice by the language of the assignment of the Simmons contract in which Stewart assigned to plaintiff his ''right, title and interest'' in and to the contract and to the automobile. It is a complete answer to this contention to point out that in the assignment Stewart further says: ''I further guarantee, warrant and defend the title of said property hereby conveyed . . . and that the undersigned, party of the first

part, is the owner of the full and complete title to said property.''

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 11, 1928.

All the Justices present concurred.