[Civ. No. 6846. First Appellate District, Division One.—February 13, 1930.]

WESTERN STATES ACCEPTANCE CORPORATION (a Corporation), Appellant, v. BANK OF ITALY (a Corporation) et al., Respondents.

Arnold C. Lackenbach for Appellant.

Louis Ferrari, J. J. Posner and S. M. Spurrier for Respondents.

TYLER, P. J.—The complaint herein sets forth a cause of action in replevin to obtain from defendants possession of a Lincoln automobile alleged to have been wrongfully converted. Judgment was prayed for the return of the property or the recovery of its value in case delivery could not be had. By separate answers the three defendants, after denying the material allegations of the complaint, set up facts, by reason of which they averred, plaintiff was estopped from asserting any title to or right of possession of the car. Trial was had and at the close of plaintiff's case motion was made for a nonsuit upon various grounds by defendants Bank of Italy and Mrs. B. Kennon. The motion was granted as to such defendants.

The main issue presented by plaintiff at the trial turned upon the question as to whether or not the car was purchased by plaintiff corporation from the Ford Company on its own behalf with retention of title in itself, to be thereafter delivered to defendant Ballard under a trust agreement, or whether the car was purchased by defendant Ballard with money obtained by him as a loan from plaintiff corporation. Upon this subject there was a decided conflict in the evidence and without more a nonsuit would have been unjustified. (*Rube* v. *Western Union Tel. Co.*, 198 Cal. 294 [244 Pac. 1077].) Defendants, however, pleaded an estoppel and this question was fully gone into as part of plaintiff's case. The evidence upon this subject was without conflict and conclusively showed that plaintiff was

estopped from asserting its alleged title as against the particular defendants in whose favor the judgment of nonsuit was rendered. The question of title therefore became unimportant.

The facts show that on or about April 20, 1925, defendant Ballard was engaged in business as a retail dealer in automobiles at Sacramento. He represented the Lincoln automobile. At this time he was also vice-president and a director of plaintiff corporation, which was engaged in the exclusive business of financing Ford and Lincoln automobiles. The Ford Motor Company of Delaware was doing business in San Francisco, but did not sell cars to anyone but the recognized dealers. Ballard, being a recognized dealer in Lincoln cars at Sacramento, could buy Lincoln cars only from the Ford Company. He was desirous of acquiring for sale a certain type of Lincoln car, and he consulted the general manager of plaintiff corporation with reference to that company financing it. The manager knew Ballard, having had previous business relations with him and he also knew that he was a Ford and Lincoln dealer at Sacramento and, further, that he was one of the directors of plaintiff corporation, and he agreed to the arrangement, and thereupon telephoned the Ford Company and obtained the motor number of the desired car. A check was drawn by plaintiff corporation for its full price and was paid by it to the Ford Company, and delivery was made directly to Ballard. Prior or subsequent to the payment, Ballard executed a certain trust receipt in favor of plaintiff corporation, whereby he agreed to hold the car in trust as the property of plaintiff and not to operate the same for demonstration purposes and upon demand to return it in an unused and good condition. He also agreed not to sell, encumber or otherwise dispose of the same except upon written consent of plaintiff. About three weeks after Ballard was in possession of the car, he received a notice from the Ford Company informing him that there was a shortage of the type of car it had delivered to him and requesting that he release the same to the firm of Gaudin & Pahl, Ford dealers, as that firm had a sale for this particular model. Ballard agreed to the arrangement on condition that the company would furnish him another car in its place as soon as it arrived.

Accordingly, Ballard sold the car to Gaudin & Pahl for $4,660.50 and received a check for the same. At the time Gaudin & Pahl purchased the car they had no actual notice or knowledge of any claim of ownership or of possession or any interest in the same by plaintiff corporation. Gaudin & Pahl thereafter sold the car to respondent, Mrs. Kennon, under a conditional sales contract, which contract was thereafter sold to respondent, Bank of Italy, which was carrying Gaudin & Pahl's paper. The bank gave credit to Gaudin & Pahl for the sum of $3,634.40, the balance of the purchase price due under respondent Kennon's contract. At the time the firm of Gaudin & Pahl made the sale to Mrs. Kennon it made application to the motor vehicle division for certificates of registration. A white certificate was issued to Mrs. Kennon as registered owner and a pink certificate to the Bank of Italy as legal owner. Plaintiff learned of Ballard's sale and thereafter its officers had a conversation with him concerning the transaction and Ballard thereupon offered some used cars to offset the amount he was indebted to the company. After investigation the company refused to accept the same and wrote to Ballard a series of letters demanding a settlement of his account. After acquiring knowledge of the sale of the car to respondent Kennon, no demand was made by plaintiff upon Ballard for a return of the same nor was any notice of claim made upon respondents until some months later when this action was commenced and only after plaintiff had finally failed to obtain a settlement with Ballard of his various transactions. ■ Defendants Bank of Italy and Mrs. Kennon urgently insisted in the court below, and do here, that, irrespective of the question of title, plaintiff having negligently permitted Ballard, a known automobile dealer, to appear as the apparent owner with the right of disposition of the car, should be estopped from asserting title as against them. There can be no question that the evidence clearly establishes an estoppel. ■ It is well settled in this state that if personal property is delivered to a buyer who is engaged in the business of selling property of the same kind and, with knowledge of the seller, is placed on display for sale with such other property, the holder of the reserved title is estopped to assert it as against a *bona fide* subvendee for

value. In such a case the rights of the innocent sub-vendee do not depend upon the actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes such owner from disputing, as against the innocent party, the existence of the title or power which, through negligence or mistaken confidence, he has caused or allowed to be vested in the party making the sale. (*Pacific Finance Corp.* v. *Hendley*, 103 Cal. App. 335 [284 Pac. 736].) Here, so far as the evidence before us shows, plaintiff did nothing whatsoever to protect the rights of innocent purchasers, and the apparent title was at all times in Ballard. The Gaudin & Pahl company was never informed by anyone nor did it have any knowledge whatsoever of any kind or character that plaintiff had any interest in the property. No bill of sale of the car was ever executed by the Ford Company to plaintiff corporation, nor was its alleged title ever registered with the motor vehicle division. Entire lack of notice of plaintiff's claimed interest misled respondents to their detriment.

The duty rests upon one financing a retail dealer to see to it that cars upon which he has a lien or other interest are not left under the domain or control of such sale dealer on his salesroom floor, to be offered to the public. Secret arrangements which place it in the power of a dealer to deceive unsuspecting purchasers should be and they are condemned. (*General Securities Co.* v. *Reo Motor Co.*, 91 Cal. App. 16 [266 Pac. 576].) Whether, therefore, plaintiff had or had not any interest in the car is unimportant, for if it had, it negligently permitted Ballard, a known automobile dealer in this make of car, to appear as apparent owner with the right of selling the same and it should therefore be estopped from asserting its alleged title as against respondents, who are innocent purchasers without notice. Where one of two innocent purchasers must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.

The question of estoppel having been fully presented as part of plaintiff's case and there being no conflict upon this subject, the conflict in the evidence as to title becomes

unimportant and the court was justified in granting the nonsuit.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 14, 1930.

All the Justices present concurred.