[S. F. No. 13720. In Bank.—April 5, 1930.]

CHARLES P. HENDERSON et al., as Trustees, etc., Respondents, v. GENERAL ACCEPTANCE CORPORATION (a Corporation), Appellant.

Arnold C. Lackenbach for Appellant.

Franklin T. Poore for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action to recover the possession of a contract of conditional sale, or the value thereof, and to quiet the plaintiff's title as against any interest claimed by the defendant in and to an automobile which was the personal property described in the contract.

The Henderson Securities Corporation, the predecessor of the plaintiff trustees thereof and herein referred to as the plaintiff, delivered the automobile to P. A. Hunter, doing a retail automobile business at Vallejo under the name of Vallejo Motor Sales Company, with authority to Hunter to sell the automobile within thirty days for cash. Disregarding and in violation of his authority as a factor Hunter sold the car and delivered it to George A. Jewett under a contract of conditional sale, taking the contract in the name of his own company. Hunter at the time was indebted to the defendant on certain automobile transactions and had given the defendant a check for some $1700 on account of such indebtedness, which check was returned to the defendant because of insufficient funds in the account against which it was drawn. The defendant pressed Hunter for payment, whereupon Hunter assigned his contract with Jewett to the defendant, the assignment being dated June 3, 1927. The plaintiff learned of the assignment on June 6th, made demand on the defendant on June 8th, and brought this action shortly thereafter.

The complaint is in two counts, the first in claim and delivery of the Jewett contract, and the second to quiet the plaintiff's title in and to any interest in the car claimed by the defendant. We find no merit in the defendant's contention of misjoinder, as the joinder appears to be authorized by section 427 of the Code of Civil Procedure. The allegations of the complaint were of the ultimate facts and the court made findings in favor of the plaintiff in similar form. The main contention to be considered is whether the evidence is sufficient to support the findings.

It is conceded that Jewett was an innocent purchaser for value and is to be protected in his possession of

the car. The plaintiff was also innocent of any wrongdoing or negligence in the transaction. The defendant knew of the unsatisfactory business conduct of Hunter. When it obtained the Jewett contract from Hunter the defendant's representative expressed concern as to the title to the car and made an effort to trace the title by inquiry at Sacramento as to its registration. Finding no trace of the title there the defendant made no further independent inquiry. The facts were abundant to arouse the suspicions of the defendant as to Hunter's title and to put the defendant upon further inquiry as to the title, information as to which was readily available at the place of business of the distributor of the car in San Francisco. (Sec. 19, Civ. Code.) The defendant was therefore charged with notice of the defective title and the implied finding of the trial court that the defendant had such notice has sufficient evidentiary support. ■ The case is one wherein the trusted agent has embezzled the proceeds belonging to the owner of the car, which proceeds may be followed by the principal wheresoever they may be traced and be recovered as against anyone having notice or legally charged with notice of the agent's unauthorized manipulations. (*National Bank of New Zealand* v. *Finn,* 81 Cal. App. 317 [253 Pac. 757]; 25 C. J. 416.

No other points require discussion.

The judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.