[Civ. No. 1749.   Fourth Appellate District.—March 25, 1937.]

J. C. THARP, Plaintiff, v. SAN JOAQUIN VALLEY SE-
CURITIES COMPANY (a Corporation) et al., Defend-
ants and Appellants; PACIFIC FINANCE CORPORA-
TION (a Corporation), Intervener and Respondent.

Everts, Ewing, Wild & Everts, A. W. Carlson and R. H. Reeve for Appellants.

William C. Crossland for Respondent.

BARNARD, P. J.—One Ogelsby was engaged in the business of selling Reo automobiles in Porterville and Tulare. The San Joaquin Valley Securities Company, hereinafter called the appellant, was engaged in the business of financing retail dealers in automobiles and had been "flooring" cars for Ogelsby for more than a year and a half. On May 11, 1931, the appellant purchased a Reo automobile and delivered it to Ogelsby, taking back a trust receipt, an agreement of purchase and a promissory note for the balance of the purchase price. It did not cause the automobile to be registered or licensed with the Department of Motor Vehicles, and it was conceded at the trial that the car was delivered to Ogelsby with the intention that he should sell the same in the regular course of business and that the appellant knew that he was demonstrating and attempting to sell the car.

On July 8, 1931, Ogelsby sold the car to the plaintiff herein on a conditional sales contract, Tharp paying $100 down and agreeing to pay $135.33 monthly until the balance was paid. On July 10, 1931, Ogelsby sold his interest in this contract to the Pacific Finance Corporation, hereinafter called the respondent, receiving full payment therefor. The respondent sent a notice to Tharp that it had purchased this contract and Tharp acknowledged the notice. On July 8, 1931, Tharp also signed an application to register the car under the provisions of the California Vehicle Act. The car was duly registered showing Tharp as the registered owner and the respondent as the legal owner. The white slip was

delivered to Tharp, and he made the payments due in August and September, 1931, to Ogelsby who turned them over to the respondent. The October payment was paid early in November by Tharp directly to the respondent. Ogelsby disappeared some time in October, 1931, and the appellant took possession of the automobile on October 15, 1931, at which time the automobile bearing Ogelsby's license plates, as dealer, was found at his place of business at Porterville.

On October 22, 1931, Tharp brought this action to recover possession of the automobile or its value in case delivery could not be had. The appellant answered, praying that the plaintiff take nothing by reason of his complaint and that it have judgment for recovery and possession of said automobile or for its alleged value in case delivery could not be had. The respondent intervened, its complaint alleging that Ogelsby was and for several years had been engaged in the business of selling Reo automobiles in the city of Porterville; that the car in question was delivered to his possession for the purpose of having him sell the same; that he exhibited and offered the car for sale; that on July 8, 1931, he sold the car to the plaintiff under a conditional sales contract calling for monthly payments; that Ogelsby retained title until the full amount should be paid; that on July 10, 1931, Ogelsby sold said conditional sales contract and all his right, title and interest in the car to the respondent; that the plaintiff thereafter failed to make the payments due under the terms of the contract; and that the respondent is the owner of said car and entitled to its possession. The prayer was for a judgment against both plaintiff and appellant for the recovery of the possession of the car or for its alleged value in case delivery could not be had. As conclusions of law from the facts found, the court found that the respondent was entitled to judgment for possession of the automobile or for its value in case delivery could not be had, and the judgment was to the same effect. From that judgment this appeal was taken.

The appellant contends that certain findings to the effect that it wrongfully took possession of the automobile on October 15, 1931, and that the respondent is the owner and entitled to possession of the car are not supported by the evidence. It is argued that the evidence conclusively shows that the purported sale of the car to Tharp was not a *bona fide* transaction, that Tharp signed the conditional sales contract

merely to enable Ogelsby to raise money upon it, and that there was no actual or continued change of possession of the automobile within the meaning of section 3440 of the Civil Code.

It appears from the evidence that at the time the conditional sales contract was signed Tharp signed an application to have the car registered; that a registration certificate was issued showing Tharp as the registered owner and the respondent as the legal owner; that the white slip was delivered to Tharp; that he placed his license plates on the car with the assistance of Ogelsby; and that he did not know that Ogelsby had taken these plates off and replaced them with his own dealer's plates until after the appellant took the car. Tharp testified that he had no place at his home to keep the car and that Ogelsby asked him to allow him to use the car as a demonstrator, to save the expense of buying another; that he took it home the day he bought it and took it back to Ogelsby's garage the next day; that he allowed Ogelsby to use the car as a demonstrator; that he himself used the car thereafter whenever he desired; and that on one occasion he had the car on a trip from Friday until Monday. Tharp paid about $500 on the purchase price of the car and the contention that he was acting in collusion with Ogelsby rests purely on suspicion. The evidence, as a whole, is sufficient to support the court's conclusion and the implied finding that Tharp entered into this contract in good faith.

While section 3440 of the Civil Code applies in general to the sale of an automobile, that fact is not necessarily controlling (*Washington Lumber etc. Co.* v. *McGuire,* 213 Cal. 13 [1 Pac. (2d) 437]). That is particularly true in such a case as this, where the intervening rights of an innocent third party do not depend upon the passing of title, and where the issues raised and tried relate to the right of possession of the property rather than to where the mere legal title remains. (*Western States A. Corp.* v. *Bank of Italy,* 104 Cal. App. 19 [285 Pac. 340]; *Moss* v. *Bowman,* 116 Cal. App. 720 [3 Pac. (2d) 377].) In the first of these cases the facts were quite similar to those here involved, and the court said:

"Defendants Bank of Italy and Mrs. Kennon urgently insisted in the court below, and do here, that, irrespective of the question of title, plaintiff having negligently permitted Ballard, a known automobile dealer, to appear as the appar-

ent owner with the right of disposition of the car, should be estopped from asserting title as against them. There can be no question that the evidence clearly establishes an estoppel. It is well settled in this state that if personal property is delivered to a buyer who is engaged in the business of selling property of the same kind and, with knowledge of the seller, is placed on display for sale with such other property, the holder of the reserved title is estopped to assert it as against a *bona fide* subvendee for value. In such a case the rights of the innocent subvendee do not depend upon the actual title or authority of the party with whom he deals directly, but are derived from the act of the real owner, which precludes such owner from disputing, as against the innocent party, the existence of the title or power which, through negligence or mistaken confidence, he has caused or allowed to be vested in the party making the sale. (*Pacific Finance Corp.* v. *Hendley*, 103 Cal. App. 335 [284 Pac. 736, 285 Pac. 1048].) Here, so far as the evidence before us shows, plaintiff did nothing whatsoever to protect the rights of innocent purchasers, and the apparent title was at all times in Ballard. The Gaudin & Pahl company was never informed by anyone nor did it have any knowledge whatsoever of any kind or character that plaintiff had any interest in the property. No bill of sale of the car was ever executed by the Ford Company to plaintiff corporation, nor was its alleged title ever registered with the motor vehicle division. Entire lack of notice of plaintiff's claimed interest misled respondents to their detriment.

"The duty rests upon one financing a retail dealer to see to it that cars upon which he has a lien or other interest are not left under the domain or control of such sale dealer on his salesroom floor, to be offered to the public. Secret arrangements which place it in the power of a dealer to deceive unsuspecting purchasers should be and they are condemned. (*General Securities Co.* v. *Reo Motor Co.*, 91 Cal. App. 16 [266 Pac. 576].) Whether, therefore, plaintiff had or had not any interest in the car is unimportant, for if it had, it negligently permitted Ballard, a known automobile dealer in this make of car, to appear as apparent owner with the right of selling the same and it should therefore be estopped from asserting its alleged title as against respondents, who are innocent purchasers without notice. Where one of two inno-

cent purchasers must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.''

We think these principles are controlling here and that the appellant is estopped from asserting its alleged title as against the respondent who purchased the contract from a regular dealer without notice of the appellant's interest. There is no evidence that the respondent knew that Ogelsby had persuaded Tharp to allow him to use the car as a demonstrator when it was not required for his own use. The appellant, now claiming under a secret lien, by its own acts enabled Ogelsby to appear as the apparent owner with the right to sell the car. It now admits that it had knowledge that he was attempting to sell the same and that it fully expected him to do so.

The appellant argues, however, that while the judgment herein is based upon the theory that the appellant is estopped from asserting its title to this automobile, such an issue was not pleaded. It is then argued that since the issue was raised by the evidence the court committed reversible error in not making a finding thereon. The complaint in intervention, which was answered by the appellant, set forth facts which raised the issue of estoppel, although that term was not specifically used, and the action was tried upon the theory that such estoppel was in issue. The pleading cannot now be attacked. (*Johnson* v. *Schimpf*, 197 Cal. 43 [239 Pac. 401].) That the case was tried largely upon this issue clearly appears from the evidence, from the opinion filed by the trial judge and from the findings. It appears from the findings that the court impliedly found against the appellant upon the issue of an estoppel and, under the circumstances, the absence of an express finding in that connection does not warrant a reversal (*Fair Oaks Bank* v. *Johnson,* 198 Cal. 196 [244 Pac. 335]).

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.