SHENK, J.
 

 The plaintiff sued Bernard Negra, doing business under the name of Barney Motor Company, and one Oscar Tonolla for possession of a Plymouth sedan automobile or its value, and for damages for the alleged wrongful detention thereof. American Trust Company filed a third party claim. The court made its findings of fact from which it concluded that title resided in the third party claimant, and rendered judgment accordingly. The plaintiff appealed.
 

 On April 29, 1935, the plaintiff obtained title to the automobile from James W. McAllister Company, Inc., Chrysler distributor. Negra was a retail dealer of Chrysler and Plymouth automobiles at Los Banos. The Plymouth automobile in question was delivered to Negra under a trust receipt executed by him to the plaintiff, pursuant to which the latter retained title to the car. Negra agreed to hold the automobile in trust for the plaintiff and not to lend, mortgage, pledge, encumber, operate, demonstrate or use it. He was, however, authorized upon consent of the plaintiff to sell the automobile for cash and deliver the proceeds to the plaintiff.
 

 Oscar Tonolla was a brother-in-law of Negra and worked for him as a salesman. On May 7, 1935, Negra and Tonolla appeared at the office of the American Trust Company in Los Banos and applied for a loan on the sale of the car from Negra to Tonolla. A conditional sale contract was executed by Negra as seller and Tonolla as buyer, and was assigned by Negra to the bank. The bank advanced to Negra the purchase price of the car, and possession of the car was delivered to Tonolla. Negra, however, did not deliver the proceeds to the plaintiff. Registration of the automobile was effected with the division of motor vehicles showing Tonolla as the registered owner and the bank as legal owner thereof.
 

 
 *720
 
 The bank’s representative made no inquiries of Negra as to whether the automobile sold to Tonolla was “floored”, that is, financed under a trust receipt or similar title retention document. There was testimony that the bank’s officer was aware of the custom of “flooring” cars for retail dealers, but that he had no actual knowledge that this particular car was financed and in fact owned by the plaintiff. It was also in evidence that Tonolla had no knowledge that Negra had taken the Plymouth automobile under a trust receipt or that Negra received any financial assistance with respect to the automobiles on his sales floor.
 

 The court found that the sale of the car by Negra to Tonolla was made in good faith; and concluded that the plaintiff, who created the appearances by which Negra was enabled to sell the automobile to a
 
 bona fide
 
 purchaser, was estopped to assert its title as against the American Trust Company, which, as found by the court, was an innocent third party for value.
 

 The disposition of the appeal must be deemed controlled by the familiar principles stated in such eases as
 
 Tharp
 
 v.
 
 San Joaquin Valley Securities Co.,
 
 20 Cal. App. (2d) 20 [66 Pac. (2d) 230] ,
 
 Western States Acceptance Corp.
 
 v.
 
 Bank of Italy,
 
 104 Cal. App. 19 [285 Pac. 340], and
 
 Pacific Finance Corp.
 
 v.
 
 Hendley,
 
 103 Cal. App. 335 [284 Pac. 736, 285 Pac. 1048].
 

 The method of financing dealers in the retail sales of automobiles under the so-called “trust receipt” has come into common practice. This method enables the retail dealer to obtain advances from a financing company to pay the purchase price to the distributor and at the same time receive possession of the automobile for the purpose of placing it on the salesroom floor for exhibition and sale to a prospective customer. Title is transferred directly from the distributor to the finance company which retains such title under the trust receipt until the amount advanced as the purchase price is repaid. The validity of such trust receipts as title retention documents has been established by the courts. Subsequent to the events hereinbefore related and in 1935 (Stats. 1935, p. 1930), the legislature recognized the common practice and adopted the Uniform Trust Receipts Law, which comprises sections 3012 to 3016.16 of the Civil Code.
 

 However, the foregoing cited eases and others have applied the exception to the general rule that the reserved
 
 *721
 
 title of the entruster is paramount. The exception followed the provisions of section 1142 of the Civil Code in effect prior to 1931 and was based on the principle of estoppel. The title holder, having clothed the retail dealer with all the appearances of ownership or authority to sell, could not be heard to assert title or ownership as against a purchaser for value without actual notice of the reserved title who had been led by appearances created by the true owner to believe that the dealer had authority to dispose of the title in the usual course of trade. Under such cases the rights of the purchaser did not necessarily depend on the actual title or authority of the dealer, but were derived from the act of the real owner, which precluded him from disputing as against an innocent party, the existence of the title or power which, through negligence or mistaken confidence, he had caused or allowed to be vested in the party making the sale.
 
 (Rapp
 
 v.
 
 Fred W. Hauger Motors Co.,
 
 77 Cal. App. 417, 422 [246 Pac. 1067], and cases cited
 
 supra.)
 

 No serious attack is made upon the findings and conclusion of the court that Tonolla was led to believe that Negra had the power of disposing of the automobile under a conditional sale contract. The attack is upon the finding and conclusion of the court that the bank was also entitled to rely upon an estoppel as against the plaintiff. The evidence affirmatively shows that the bank had no actual knowledge that the automobile in Negra’s possession for sale was in fact owned by the plaintiff, or that Negra had received any financial assistance in “flooring” it. It is contended that the fact that the bank had knowledge of the practice of dealers to obtain the aid of finance companies to “floor” cars, and that some time before the transaction mentioned Negra had asked the bank if it planned to “floor” ears, was sufficient as a matter of law to put the bank on inquiry as to the title of the automobile sold to Tonolla and to preclude its reliance upon an estoppel to defeat the plaintiff’s claim of title. A somewhat similar contention was made and rejected in
 
 Fowles
 
 v.
 
 National Bank of California,
 
 167 Cal. 653 [140 Pac. 271]. It- was there decided that knowledge of the custom of depositing with a stockbroker certificates of stock endorsed in blank for purposes of sale was not sufficient to put a pledgee on notice to inquire concerning any possible restrictions on authority to pledge. The decisions in this state do not warrant a holding that mere knowledge of the
 
 *722
 
 general practice of “flooring” cars is sufficient to place on inquiry one about to part with value. On the contrary the cases herein cited support the conclusion that one in the position of the bank in this case who has parted with value without actual notice, or without knowledge of facts to put it on inquiry, is protected as against the claim of the entruster under a trust receipt. The decision in the case of
 
 Henderson
 
 v.
 
 General Acceptance Corp.,
 
 209 Cal. 268 [286 Pac. 1014], does not indicate error in the court’s conclusion on the facts in the present case. In the Henderson case the appellant had knowledge of the unsatisfactory business conduct of the dealer, and had instigated some inquiry concerning the title, but with abundant facts to arouse its suspicions it stopped short of sufficient inquiry which would have disclosed the true state of the title. The record in that case, therefore, was sufficient to require affirmance of the judgment.
 

 We are satisfied on the present record that the trial court was justified in concluding that facts were not disclosed which would place the bank on inquiry as to the true state of the title, and that Negra’s authority to sell for cash was-not exceeded by the sale to Tonolla under conditional sale contract and the receipt of Negra of the full purchase price in cash from the bank. We have recently held that authority to sell for cash confers upon the agent ostensible authority to negotiate the sale for cash or its equivalent.
 
 (Twohey
 
 v.
 
 Realty Syndicate Co.,
 
 4 Cal. (2d) 379, 382 [49 Pac. (2d) 819].) That the full purchase price in cash was received by Negra upon the sale and delivery of possession of the automobile cannot be disputed. The fact that in addition to receiving the cash Negra pledged his personal credit upon the assignment to the bank of the conditional sale contract executed by Tonolla and himself is not necessarily inconsistent with the power vested in him by the plaintiff, and is at least within his ostensible authority. We do not have here a pledge of the personal property without change of possession, which was involved in
 
 Pacific Finance Corp.
 
 v.
 
 Hendley,
 
 119 Cal. App. 697 [7 Pac. (2d) 391]. Also in the absence of any fact or showing, and none appears, that there existed bad faith or collusion on the part of the bank in the sale, no duty devolved' upon it to see to the proper application of the funds advanced by it and received by
 
 *723
 
 Negra as the customer’s purchase price of the car.
 
 (Purdy
 
 v.
 
 Bank of America N. T. & Sav. Assn.,
 
 2 Cal. (2d) 298 [40 Pac. (2d) 481].)
 

 Tonolla made no claim to the automobile, and the controversy for the possession thereof was between the plaintiff and the third party claimant. No error is shown in the court’s conclusion that the third party claimant was the rightful owner and entitled to possession.
 

 The judgment is affirmed.
 

 Langdon, J., Curtis, J., Edmonds, J., Houser, J., and Waste, C. J., concurred.
 

 Rehearing denied.