GENERAL CREDIT, Inc., v. UNIVERSAL CREDIT CO.

No. 7033.

United States Court of Appeals for the District of Columbia.

Argued April 8, 1938.

Decided June 13, 1938.

Joseph T. Sherier and Robert C. Handwerk, both of Washington, D. C., for appellant.

William E. Richardson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

Universal Credit Company sued General Credit, Inc., to recover damages for the conversion of a Ford automobile. Both corporations are engaged in financing the purchase of automobiles. Universal purchased the automobile in question from Ford Motor Company and delivered possession to one Tyrrell, then engaged in the retail sale of automobiles in a suburb of Washington across the Maryland line. There was no bill of sale from Universal to Tyrrell. Delivery was made against a trust receipt, by the terms of which Tyrrell agreed not to sell, loan, deliver, pledge, or dispose of the automobile except upon the payment to Universal of an agreed purchase price. Universal knew that Tyrrell would place the automobile in his storeroom and offer the same for sale to the public generally and consented to this, provided Tyrrell when he sold the automobile paid to it the amount due. The trust receipt was not recorded, and General had no knowledge of its existence. Tyrrell sold the automobile to one Harper on a part cash, part deferred-payment basis, and took from him a note and conditional sale contract, which latter was recorded. Tyrrell, for value, sold the note and contract to General' without any notice on the part of General, actual or constructive, of the existence of the trust receipt issued by Tyrrell to Universal. Harper defaulted in payment of the installments, and General, as authorized by the contract, repossessed the automobile.

The question for decision is whether Universal was estopped, in the circumstances shown to exist, to assert title to the automobile against General as assignee of the conditional sale contract executed by Tyrrell and the purchaser, Harper, and as holder of the purchase price note for value and without notice.

The general rule is that the seller of chattels can confer no better title than he himself has, but a recognized exception to the rule is based on estoppel. Thus, if the

owner of the chattels stands by and permits another,—particularly a licensed dealer in such chattels,—to hold himself out to the world as owner, to treat the goods as his own, to place them with similar goods in a public show-room and to offer them for sale to the public, he will be estopped by his conduct from asserting his ownership against a purchaser for value and without notice.[1]

■ It is true we are not here concerned with the rights of an original bona fide purchaser of an automobile but instead with those of a finance company which purchased the contract of sale and thus acquired the seller's lien, and we are asked to rule that the rights of a purchaser and the rights of a finance company are neither equal nor identical and that those of the latter are, in the circumstances we have mentioned, subordinate to the rights of the holder of the trust receipt. The point was unsuccessfully urged in Commercial Credit Co. v. Barney Motor Co., Cal.Sup., 76 P.2d 1181 (and see same case in Cal.App., 71 P. 2d 279). The facts in that case are strikingly like those in this. There, as here, the credit company purchased an automobile from the manufacturer and delivered it to the dealer under a trust receipt containing the same provisions as the one here. There, as here, the dealer agreed to hold the automobile in trust for the credit company but there, as here, the dealer could sell the automobile for cash and deliver the proceeds to the credit company. In that case the dealer sold the car to his brother-in-law who worked for him as a salesman and took a conditional sale contract as security for the purchase price, and this contract and the note of the buyer the dealer assigned to a bank. The bank there, as in the case of the finance company here, advanced the purchase price of the car, and there, as here, the dealer did not deliver the proceeds to the holder of the trust receipt. There it was held that the credit company, having created the appearances by which the dealer was enabled to sell the automobile, was estopped to assert its title as against either the purchaser or the finance company (bank), as assignee of the contract. In answer to the point made there, as here, that the finance company as holder of the conditional sale contract acquired no right superior to that of the holder of the trust receipt, the Supreme Court of California said (page 1183):

"On the contrary, the cases herein cited support the conclusion that one in the position of the bank in this case who has parted with value without actual notice, or without knowledge of facts to put it on inquiry, is protected as against the claim of the intruster under a trust receipt."

■ It is suggested in the brief of Universal that here the evidence tends to show that the sale to Harper was not in good faith, and the argument is that by virtue of this General as assignee of the contract acquired no valid rights. But in our opinion it would make no difference whether or not Harper was privy to a breach of trust by Tyrrell, for any sale of the automobile by Tyrrell without payment to Universal was a fraud on the latter,—and a fraud which Harper's participation—if there was such participation—would not aggravate. General is an assignee of Tyrrell, and there is no charge of bad faith as to it nor anything to put it on notice of collusion,—if there was any,—between Tyrrell and Harper. For a case involving a similar factual situation, see Tharp v. San Joaquin Valley Securities Co., 20 Cal.App.2d 20, 66 P.2d 230.

Reversed and remanded for a new trial in accordance with this opinion.

---

[1] Boice v. Finance & G. Corporation, 127 Va. 563, 102 S.E. 591, 10 A.L.R. 654; In re Bell Motor Company, 8 Cir., 45 F.2d 19, 23; General M. A. Corp. v. Sharp M. S. Co., 233 Ky. 290, 295, 25 S.W.2d 405, 407; Handy v. C. I. T. Corp., 291 Mass. 157, 197 N.E. 64, 101 A.L.R. 447; Universal Credit Co. v. Reily, 171 Okl. 286, 42 P.2d 516. (Cf. Title 31, Sec. 23, Supp. III, D.C.Code 1929. The sale in question was made before the Uniform Sales Act became effective in the District of Columbia, but the statute in this connection embodies the weight of authority. Winakur v. Sapourn, 156 Md. 662, 667, 145 A. 342.)