## MILLER v. LOGAN MOTOR CO.
### No. 1215.

Municipal Court of Appeals for the District of Columbia.

Submitted June 3, 1952.

Decided June 27, 1952.

Ben Lindas and Joseph H. Schneider, Washington, D. C., for appellant.

Robert T. Smith, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was an action in detinue brought by the plaintiff (appellant) against the defendant (appellee). The purpose was to recover from the defendant possession of an automobile or its value.

The facts are not disputed and show that the plaintiff took his automobile to a used car dealer in the District of Columbia, leaving it with him to be sold. In addition, plaintiff gave the dealer a certificate of title signed in blank but not notarized. In return the plaintiff received a promissory note reciting "This Note is Accepted in Exchange for A *47 Buick Convertible* and a Clear Title to Same." It was agreed between the plaintiff and the dealer that as soon as the latter sold the automobile he would notify plaintiff to come in and have the title notarized. Approximately a month and a half later the used car dealer sold plaintiff's automobile to defendant, who purchased it along with several others for value and without notice of any infirmity in the title. It appears that the dealer had the title notarized without plaintiff's knowledge or consent one week prior to selling the automobile to defendant. The first notice that plaintiff had of this transaction came when he received a letter from the dealer's attorney advising him that the dealer was in financial straits and was making an attempt to settle his debts on a pro rata basis. Upon learning that his automobile had been sold to defendant, plaintiff brought this action.

It is plaintiff's contention that the supposed acknowledgment of his signature by a notary public without his knowledge or consent invalidates his prior signature in blank on the certificate of title and that therefore the dealer could transfer no better title than he actually had.

This contention might be sound if the evidence had disclosed that defendant had knowledge of the illegal notarial acknowledgment or had been in collusion with the dealer in this transaction. But, as has been admitted by both parties, defendant paid a valid consideration and received possession of an automobile accompanied by a certificate of title which on its face was in proper

order and met all the legal requirements necessary to effect transfer.

The trial court in its opinion stated "The law is generally settled that an owner of personal property who knowingly and voluntarily permits another to have possession of certificates or other evidence of title, endorsed in blank or otherwise showing ownership in the possessor, is estopped to deny the latter's authority to sell the property and transfer title to the purchaser in good faith and for value. This principle of law is based upon the broad equitable doctrine that where one of two equally innocent persons must suffer, the one whose act enabled the wrongdoer to commit the wrong must be the one to bear the loss."[1] We think this correctly states the principle involved and is decisive of this case. This entire situation was brought about by the conduct of plaintiff. He not only turned his automobile over to the dealer, but he also gave him indicia of ownership as represented by the certificate of title signed in blank. Plaintiff is therefore estopped from asserting title as against defendant, who is a bona fide purchaser for value without notice.

Affirmed.

1. Associates Discount Corporation v. Hardesty, 74 App.D.C. 44, 122 F.2d 18; Fogle v. General Credit Corporation, 74 App.D.C. 208, 122 F.2d 45, 136 A.L.R. 814; General Credit v. Universal Credit Co., 69 App.D.C. 80, 99 F.2d 115. See also Plummer v. Kingsley, 190 Or. 378, 226 P.2d 297; General Motors Acceptance Corp. v. Davis, 169 Kan. 220, 218 P.2d 181, 18 A.L.R.2d 808; Commercial Credit Corp. v. Dassenko, N.D., 43 N.W.2d 299.