349 P.2d 618

CLEARFIELD STATE BANK, Plaintiff and Appellant,

v.

PETERS PLUMBING & HEATING COMPANY, Salt Lake Auto Auction, Inc., and Indemnity Insurance Company of North America, Defendants and Respondents.

No. 9043.

Supreme Court of Utah.

Feb. 19, 1960.

Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff brought this action to quiet its title to a certain Chevrolet automobile and to recover possession thereof or its reasonable value. Defendants' motions for summary judgment were granted and plaintiff appeals.

The record discloses that defendant Salt Lake Auto Auction, Inc. transferred possession of the Chevrolet, but not the certificate of title, to one George B. West. West was a licensed used car dealer and Salt Lake Auction knew that he intended to offer the automobile for sale at his place of business. West executed a draft upon plaintiff bank in favor of Auction for the purchase price. Auction forwarded this draft to plaintiff, together with the title certificate with instructions to deliver the title certificate to West upon payment of the draft. The draft was dishonored and returned to Auction, along with the title certificate

In the meantime, and after he had possession of the automobile, West sold it to defendant Peters Plumbing and Heating Company under a conditional sale contract. West immediately sold and assigned this contract, for value, to plaintiff without delivery of a title certificate.

E. Morgan Wixom, Ogden, for appellant.

Upon learning that plaintiff bank did not have the certificate of title to the automobile, the Plumbing Company refused to make payments under the conditional sale contract and subsequently made payment to Auction and received from it the certificate of title. Defendant Indemnity Insurance Company of North America is the corporate surety of a bond for Auction.

The events in the instant case up to and including the sale of the automobile to the Plumbing Company, parallel the facts in Heaston v. Martinez.[1] In this case, as in the Heaston case, the automobile had been brought into Utah from another state and had never before been registered in this state.

In the Heaston case this court held that the wholesaler was estopped from asserting title against an innocent purchaser. Certainly, if Auction were asserting its title against the Plumbing Company, it would be estopped under the ruling in the Heaston case. However, in the instant case we are asked to determine whether Auction is also estopped to assert its title as against the plaintiff bank.

█ As a general proposition, when one entrusts possession of an automobile to a car dealer, knowing the latter intends to hold it out to the public for sale, he is estopped from asserting his title against an innocent purchaser for value of a conditional sale contract between the dealer and the purchaser of the automobile.[2]

█ It is not disclosed from the record whether plaintiff bank received West's draft prior to its purchase of the conditional sale contract. If it did it may well be that it was charged with notice and would not therefore be an innocent purchaser.

Respondents also contended below, in support of their motion for summary judgments, that the plaintiff was precluded from maintaining this action by reason of the provisions of Sections 41-3-2 and 41-3-3 U.C.A.1953. These statutes provide as follows:

"Certificate of title to vendee.— Every person, firm, or corporation upon the sale and delivery of any used or second hand motor vehicle shall within forty-eight hours thereof deliver to the vendee, and endorsed according to law, a certificate of title, issued for said vehicle by the state tax commission."

---

1. 3 Utah 2d 259, 282 P.2d 833.

2. State v. Casperson, 71 Utah 68, 262 P. 294; Commercial Credit Co. v. Barney Motor Co., 10 Cal.2d 718, 76 P.2d 1181.

"Penalties for violation of act.— No action or right of action to recover any such motor vehicle, or any part of the selling price thereof, shall be maintained in the courts of this state by any such dealer or vendor, his successors or assigns, in any case wherein such vendor or dealer shall have failed to comply with the terms and provisions of this act, and such vendor or dealer, upon conviction for the violation of any of the provisions of this act shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than $299 or by imprisonment for not more than six months in the county jail, or by both such fine and imprisonment."

However, these statutes have no bearing in the instant case. They are only two sections of an act adopted by the 1937 legislature[3] which relates only to the regulation of the business of selling used cars by non-resident dealers and the purchasing, handling and selling by resident dealers of used cars received from non-resident dealers.

The order of the lower court granting summary judgment for respondents is vacated with instruction to the lower court to proceed in accordance with this ruling.

3. Chapter 69, Laws of Utah 1937.

No costs awarded.

CROCKETT, C. J., and WADE, J., concur.

HENRIOD, Justice (dissenting).

I dissent for the same reasons expressed by me in Heaston v. Martinez, 1955, 3 Utah 2d 259, 282 P.2d 833.

McDONOUGH, Justice (dissenting).

In Heaston v. Martinez, 3 Utah 2d 259, 282 P.2d 833, this court held that where the purchaser of a car relied upon the indicia of ownership evidenced by mere possession by a retailer at his place of business he was protected and could prevail in an action brought by the negligent seller for the possession of such automobile.

In the instant case plaintiff bank was the assignee of a contract, assigned to it by George B. West, the wrongdoer. I had always assumed that such assignee took subject to such defense as might be interposed against the assignor, absent some equitable considerations which would estop the real owner of the property involved from claiming the same. Here the assignee of the title retaining note without so much as inquiring of the assignor as to the certificate of title, gives credit thereon. For if

inquiry had been made the bank would have learned that the assignor of the note did not have the certificate of title. It might have learned that the certificate of title was on its way to the appellant bank attached to a sight draft, for the sight draft with the certificate of title attached was drawn upon the very bank which was the assignee of the title retaining note. The case of Heaston v. Martinez was decided upon the equitable principle that where one of two innocent parties must suffer for the act of negligence of the third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss.

We are not here dealing with an action by the real owner against the innocent purchaser for value. We are dealing rather with the action of a finance company, the assignee of the title retaining contract, attempting to recover against the real owner the loss occasioned by its own gross negligence. The bank was in no sense an innocent purchaser.

It is of interest to note that the judge who tried the instant case in the court below was the judge who wrote the prevailing opinion in Heaston v. Martinez. He clearly discerned the difference between the fact situation involved in the former case and that here confronted. I would affirm the judgment.